WILLIAM WORTHY, plaintiff in error, vs. A. KINAMON et al., defendants in error.

44  297
102  836

1. When a defendant relies on his title by prescription, he cannot tack to his own possession, the possession of prior holders of the property, unless he shows the character of that possession, as to its good faith, etc., and that he holds under the parties so having, bona fide, acquired possession.

2. Title by capture during a war can only be set up by the organized and recognized parties to the war, or by those claiming and acquiring title from said organized and recognized parties.

Capture. Prescription. Before Judge PARROTT. Whitfield Superior Court. November Term, 1870.

In May, 1869, Worthy brought trover against Kinamon et al. for a horse. They pleaded the general issue and the statute of limitations—four years. Plaintiff proved that in November or December, 1864, he owned and possessed the horse, when two men, following behind a body of Federal soldiery, and wearing the Federal uniform, but denying that they were soldiers, took the horse from him, and that he never saw the horse again till in 1866, when one of the defendants had him, and that he then demanded him and there was a refusal to deliver him. He introduced evidence as to his value, etc., and closed.

Kinamon testified that in the latter part of 1866 he bought the horse from one Dooly and since sold him to another of the defendants. One Morris then testified that in November, 1866, he bought the horse of one Hampton Neal, who had bought him from one Henderson, and had kept him about a week. Defendants also introduced evidence as to value, etc.

In rebuttal, plaintiff read in evidence a possessory warrant by him against Kinamon for the horse, sued out in November, 1866, which was decided against plaintiff.

The Court was requested to charge the jury: 1st. If said horse was taken by persons not members of the army the

capture was illegal and possession under it could not support a prescriptive title; 2d. The suing out of a possessory warrant by plaintiff against defendant for the horse was such an interruption of possession as to defeat prescription; and 3d. That defendants must show that the captors were actually members of the army. The Court refused so to charge. He charged that if defendants, or those under whom they claimed, had had quiet and uninterrupted possession of the horse four years before this suit was begun and that such possession did not originate in fraud, they had a prescriptive title to the horse, " provided, the horse has been always subject to reclamation." A possessory warrant brought and decided as stated would not defeat the prescription. If the horse was forcibly taken from plaintiff by Federal soldiers, or persons acting with and accompanying Federal forces, or adhering to the Federal cause, from one adhering to the Confederate cause, plaintiff's title would be divested unless the horse was recaptured within twenty-four hours from the capture; if the horse was so captured the title remains with him who had possession when peace was made. The jury found for defendants.

Plaintiff moved for a new trial upon the grounds that the Court erred in charging as he did, and in refusing to charge as requested. A new trial was refused, and of that complaint is made.

JESSE A. GLENN; S. PERCY GREEN, for plaintiff in error. As to prescription: R. Code, secs. 2636, 2645, 3956, 3963.

McCUTCHEN & SHUMATE, for defendants.

McCAY, Judge.

1. To make out a good title by prescription, the defendant must have been four years in possession, *bona fide,* and under claim of right: Code, 2643. The defendant shows possession in Dooly, of Gordon county, in 1866, not four

Worthy *vs.* Kinamon *et al.*

years.  To make out his prescriptive title, he insists that somebody, other than the plaintiff, must have been in possession from the time the house was taken in 1864, up to the time he came into the possession of Hampton, Dooly's vendee, in 1866.  But who was that somebody?  Perhaps it was the very person who, illegally, took the horse.  No prescription could run in his favor.  Perhaps, up to 1866, the horse was concealed, or out of the State.  Perhaps the holder may have recognized the title of the plaintiff.  In either of these cases, the prescription would not run: Code, 3643, 2637.  To enable one to tack the possession of another to his own, he must show that he claims under that person, and the possession of that person must be such, as if continued long enough, would ripen into a title: Code, 2647.

2.  There is some question in the books as to whether a capture, by a private person, during a war, who turns the property over to his government, does not vest a title in the government, or in one who gets title from the government: 1 Kent Com., 103, 104 ; Ib., 99, 117.  But private persons cannot capture for their own benefit: 1 Kent Com., 117.  Under the facts as shown by the record, this was a robbery.  The two men, even if soldiers, were not with their company, and they denied being soldiers.  They were evidently thieves, *bummers,* men who followed the army to steal, and who formed a part of that horde of robbers who usually attend an army.  We think the charge of the Court was error on both the points excepted to.

Judgment reversed.