## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* SMITH, administratrix.

119 667
e119 789
119 667
125 455

119 667
f130 8

1. A judgment of a trial judge holding that a petition has been framed in compliance with the pleading act of 1893 (Civil Code, § 4961), requiring all petitions to "set forth the cause of action in orderly and distinct paragraphs numbered consecutively," will not be reversed unless it is apparent that there has been an utter disregard of the provisions of the act.
2. Under the Tennessee statute upon which the present suit was based, the personal representative of a deceased has a right to recover for his homicide, in the event he left surviving him a widow, and in that event it is immaterial whether there were also children. Allegations in the petition referring to the children of the deceased, when the suit is based upon the fact that there was a widow, are irrelevant, and should be stricken as surplusage. Whether under the law of Tennessee the recovery would be for the sole benefit of the widow, or the children would be interested therein, is not now decided; the defendant not being concerned with what shall be done with the proceeds of the recovery, in the event it is paid to the personal representative who, under the law of Tennessee, has a right to bring the suit.
3. There was no general demurrer. The special demurrers were not well taken, with the exception of the one dealt with in the preceding note.

Argued February 19, — Decided March 4, 1904.

Action for damages.     Before Judge Reid.     City court of Atlanta.     March 2, 1903.

*Smith, Hammond & Smith*, for plaintiff in error.
*Arnold & Arnold*, contra.

COBB, J. This was an action for damages on account of a homicide which occurred in the State of Tennessee. The plaintiff, who was the widow of the deceased, brings the suit as administratrix of his estate. The defendant is a railway corporation of this State. The defendant filed various special demurrers to different parts of the petition. The demurrers were overruled, and it excepted.

1. It was insisted that the petition as a whole was defective, because it did not set forth the alleged cause of action in orderly and distinct paragraphs numbered consecutively, and that one of the paragraphs was especially subject to objection. containing, as

alleged in the demurrer, at least twenty different acts of negligence, and consisting of nearly two pages of typewritten matter. The pleading act of 1893 provided that petitions should "set forth the cause of action in orderly and distinct paragraphs numbered consecutively." Civil Code § 4961. The act does not prescribe any penalty for a failure to comply with its terms. A petition not subdivided into paragraphs at all would evidence such a disregard of the requirements of the law that the same should be dismissed on motion. A petition which makes a paragraph of every sentence, without reference to substance, would also evidence such a disregard of the spirit of the law that it should be dismissed on motion, for the reason that such a paragraphing would not be orderly. The true course lies between these two extremes. It is impossible to satisfactorily define what would be an orderly paragraph, and this matter must be left largely to the discretion of the trial judge. If upon an examination of the petition he is satisfied that there has been a substantial compliance with the requirements of the act, his judgment in holding that the petition sets forth the cause of action in distinct and orderly paragraphs will not be reversed, unless it is plainly apparent that the provisions of the act have been substantially disregarded by the pleader. See, in this connection, *Orr* v. *Cooledge,* 117 *Ga.* 195 (4), 207. While we think that some of the paragraphs in the present petition might have been well subdivided into several paragraphs, still we can not say that there has been such a disregard of the provisions of the act that the judge erred in upholding the petition as framed. It would seem to be the best practice, in actions for damages on account of negligence, to make each distinct act of negligence the subject of a separate paragraph.

2. The present suit was based upon three sections of the Tennessee Code, which were set out in the petition, and which are as follows: Section 3130. "The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing of another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and in case there is no widow, to his children, or to his personal representative for the benefit of his widow or next of kin, free from the claims of creditors."

Section 3131. "The action may be instituted by the personal representative of the deceased; but if he declines, the widow and children of the deceased may, without the consent of the representative, use his name in bringing and prosecuting the suit, or giving bond and security for costs, or in the form prescribed by paupers. The personal representative shall not in such case be responsible for costs, unless he sign his name to the prosecution."

Section 3134. "Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses, resulting to the deceased from the personal injuries, and also the damages resulting to the parties, for whose use and benefit the right of action survives from the death consequent upon the injuries received."

The petition alleged that the plaintiff was the widow of Clyde Smith, as well as administratrix of his estate, and that she had by her deceased husband two minor children, whose names and ages were stated, and who were alleged to be the next of kin of the deceased. One ground of the demurrer complains that there was a misjoinder of parties, in that the children were in effect joined as parties plaintiff with the administratrix; and the demurrer further raised the question that the allegations which set forth the names and ages of the children and the fact that they were the next of kin were irrelevant and should be stricken as surplusage. We do not think that under the allegations of the petition the children were joined as parties, but we are of opinion that all reference to the children was irrelevant and should have been eliminated from the petition. Under the Tennessee statute the right of action for a homicide is in the personal representative, provided there is a widow, or children, or next of kin. If there is no one answering to any of these descriptions, there is no cause of action. It is therefore necessary that there should be an allegation that the deceased left a widow, or children, or next of kin, to make the cause of action complete. And when the petition alleges that there is a widow, the cause of action is complete, and it is immaterial whether the deceased had children or other next of kin. Consequently any allegation in reference to such children or next of kin should be stricken as surplusage. The fact that there is a widow

is all that is necessary to give a right of action to the representative. Whether under the Tennessee law a recovery by the representative upon the ground that there is a widow would enure to the benefit of the children, when there are children, as well as to the widow, or what should be done with the proceeds of the recovery, is a question which we do not now decide, nor is this question one in which the defendant is at all interested. The personal representative has a right to recover when he shows that the deceased left surviving him a widow, and what disposition the personal representative makes of the recovery is no concern of the defendant.

3. The alleged negligent acts of the defendant are set forth in two paragraphs of the petition. It is alleged in the demurrer that there is no allegation in these paragraphs that the negligent acts were the cause of or contributed to the homicide of the deceased; and there are numerous grounds of special demurrer, criticising the verbiage of the different averments, and alleging that various allegations of negligence are mere conclusions of the pleader. When the petition is taken as a whole, we think it sufficiently appears that the plaintiff claims that the death of her intestate was the result of the negligent acts which are set forth in the paragraphs of the petition above referred to, and facts necessary to authorize the allegations of negligence are set forth in these paragraphs. The averments of a petition are required to be certain only to a common intent, and we think the allegations of this petition are at least up to this low degree of certainty. The criticisms upon the verbiage of the petition are not such as to require any of the allegations to be eliminated from the petition. There was no general demurrer, and none of the special demurrers were well taken, except the one referring to the allegations in reference to the children of the deceased. The judgment will be affirmed, with direction that these allegations be stricken from the petition, and that the costs of this writ of error be paid by the defendant in error.

*Judgment affirmed, with direction. All the Justices concur, except Simmons, C. J., absent.*