## 26. ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* SMITH.

1. Under the statutes of Tennessee, the right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrong-doer in case death had not ensued, does not abate, or is not extinguished, by his death, but passes to his widow, and, in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin. Therefore, when the employee of a railway company is killed in Tennessee by the negligence of the company, either his administrator or his widow can bring suit for such negligent homicide. In either case the recovery inures to the beneficiaries designated by the statute.

2. Where such a suit was brought in this State by the widow, suing as administratrix, for the benefit of herself as widow, an amendment striking the descriptive word "administratrix" from the declaration, and leaving the suit to proceed in the individual name of the widow, was

properly allowed. Civil Code, §§ 5106, 5105, 3361. The right of amendment, being remedial and pertaining solely to the method of procedure, is governed by the lex fori.

3. Such amendment does not substitute a new party for the original plaintiff, or make a new cause of action, so as to open the case to the statute of limitations, but the amendment relates back to the commencement of the action, so as to defeat the bar of the statute of limitations.

Action for damages, from city court of Atlanta—Judge Reid. April 28, 1906.

Argued January 10,—Decided February 13, 1907.

*Smith, Hammond & Smith,* for plaintiff in error.

*Arnold & Arnold,* contra.

HILL, C. J.   On August 11, 1902, Mrs. Maude Smith, as administratrix of Clyde Smith, deceased, brought suit in the city court of Atlanta against the Atlanta, Knoxville and Northern Railway Company. The suit was for damages resulting from the homicide of said Clyde Smith, who was killed in a wreck on the line of the defendant's railway in the State of Tennessee. The injuries were inflicted September 25, 1901, and the deceased died therefrom September 26, 1901. The statutes of Tennessee, under which the suit was brought, were set up in the declaration, and are as follows: Code of Tennessee, §3130. "The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing of another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and in case there is no widow, to his children, or to his personal representative for the benefit of his widow or next of kin, free from the claims of creditors." §3131.   "The action may be instituted by the personal representative of the deceased; but if he decline, the widow and children of the deceased may, without the consent of the representative, use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed by paupers. The personal representative shall not in such case be responsible for costs, unless he sign his name to the prosecution." It will be seen that these statutes give the personal representative the right to prosecute the cause of action "which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing of another, would have

had against the wrong-doer in case death had not ensued." The right of action survives, to be prosecuted by the personal representative of the deceased for the benefit of his widow, and, in case there is no widow, to his children, and, in the event of neither widow nor children, for the benefit of the next of kin of the deceased, "free from the claims of creditors." In other words, the personal representative is the nominal plaintiff, the recovery being for the beneficiaries named; and in order that the rights of the beneficiaries might be fully protected, and to guard against the failure of the personal representative to sue, the widow and children are allowed to use his name, without his consent, and bring the suit, under certain conditions as to costs, etc.

To the original petition filed in this case by the administratrix, for the benefit of the widow and two minor children, the defendant submitted certain special demurrers. These demurrers were all overruled, and, on exceptions, this judgment was carried to the Supreme Court. That court decided adversely to all the demurrers, except as to misjoinder of parties. The court held that the allegations setting forth the names and ages of the minor children were irrelevant, and should be stricken as surplusage; that the fact that there is a widow is all that is necessary to give a right of action to the representative; and that whether a recovery by the representative, upon the ground that there is a widow, would inure to the benefit of the children, as well as to that of the widow, are matters of no concern to the defendant. The court held that the petition, with surplusage stricken, set forth a good cause of action, under the Tennessee statutes, by the administratrix, for the benefit of the widow. *Atlanta, Knoxville & Northern Ry. Co.* v. *Smith,* 119 *Ga.* 669. The petition was amended in accordance with the foregoing decision of the Supreme Court, and the case came to trial in the city court, of Atlanta, March 6, 1905. The plaintiff tendered in evidence temporary letters of administration on the estate of Clyde Smith, issuing out of the court of ordinary of Fannin county, Georgia. To this evidence the defendant objected; and, pending argument on this objection, plaintiff amended her declaration by striking therefrom the word "administratrix," and leaving the suit to proceed in the name of Maude Smith, as widow. In support of this amendment, the plaintiff set up the statute of Tennessee (1871) authorizing such

suits to be instituted by the widow in her own name. The defendant objected to this amendment on the following grounds: (1) Because the effect of said amendment was to substitute a new party plaintiff to prosecute the cause of action originally instituted. (2) Because said amendment was not germane to the original suit and sets up a new cause of action. (3) Because the original suit was not such a suit as is contemplated by the Code of Georgia authorizing amendments as to striking, and insertion, of representative capacity as found in section 5106, such section having reference solely to actions brought by or against estates for the recovery of, or relating to, property or assets of such estates. (4) Because said amendment shows on its face that, if allowed, the cause of action was barred by the statute of limitations, no suit having been brought in behalf of the widow within two years of the time of the injury resulting in the death of her husband, Clyde Smith, and said cause of action being subject to the bar of the statute of limitations of two years. (5) Because the statutes of Tennessee, pleaded by the plaintiff and relied upon by her to maintain the cause of action in said case, only authorize the widow to institute a suit, and do not authorize her to be made a party to the suit brought by the personal representative. (6) Because said amendment sets forth a new cause of action. (7) Because under the pleadings and the proof tendered by the plaintiff prior to said amendment, said proof being temporary letters of administration in behalf of Maude Smith as temporary administratrix of the estate of Clyde Smith, deceased, no suit had been brought, up to the time said amendment was offered, that could be maintained under the said statutes of Tennessee.

These objections were overruled, and said amendment allowed on March 6, 1905, and said case allowed to proceed in the name and behalf of Mrs. Maude Smith, as widow of Clyde Smith, deceased. To the judgment allowing said amendment over the objections of the defendant, exceptions pendente lite were made, allowed, and certified, and proper assignment of error made thereon in the bill of exceptions. After the amendment was allowed, the defendant made a written motion to dismiss the whole case, on the ground that, as amended, it set forth no cause of action. The court overruled this motion, and the defendant then excepted, now excepts, and says that the court erred in not sustaining said mo-

tion. Exceptions pendente lite were duly tendered, allowed, and made part of the record; and error on this judgment is properly assigned in the bill of exceptions.

Defendant then tendered a plea of the statute of limitations, which was, on plaintiff's motion, rejected, and defendant likewise excepted to the order rejecting said plea, duly tendered exceptions pendente lite, which were allowed and made part of the record, and error is properly assigned in the bill of exceptions on this order and judgment. The averments of this plea are here set out in full: "(1) While said original suit on its face purports to have been brought by Maude Smith as administratrix of Clyde Smith, deceased, the said Maude Smith at the time said suit was brought was not in fact the administratrix of said Clyde Smith, deceased, and was not then the personal representative of said Clyde Smith, deceased. Said Maude Smith was, on the 5th day of December, 1904, appointed administratrix of the estate of Clyde Smith by the ordinary of Fannin county, Georgia; and until said appointment, she was not the personal representative of said Clyde Smith, deceased. (2) Until said suit was so amended as to convert same into a suit by Maude Smith as widow of Clyde Smith, deceased, no suit had been instituted upon said cause of action by the widow of Clyde Smith, suing as such, or by the personal representative of Clyde Smith, suing for the benefit of his widow, and the personal representative or the widow of Clyde Smith, as the case may be, alone are entitled, under the law of Tennessee, to maintain the suit upon said cause of action, as appears from the copies of the statutes of Tennessee, set forth in pleadings of the plaintiff in said case. (3) At the time said amendment converting said suit into a suit by Maude Smith, as the widow of Clyde Smith, as plaintiff in said case, was allowed and filed, to wit, on March 6th, 1905, more than two years had elapsed since the injuries resulting in the death of Clyde Smith were received by him, to wit, on September 25th, 1901, and more than two years had elapsed since the death of said Clyde Smith, to wit, September 26th, 1901, and more than two years had elapsed from said dates of injury and death as aforesaid before said Maude Smith was appointed administratrix of the estate of said Clyde Smith, deceased, to wit, on December 5th, 1904. (4) The statute

of limitations applicable to said sause of action is two years, and the same began to run from the date of said injuries."

After this preliminary skirmish of pleading, the real battle took place, and resulted in a substantial victory for the plaintiff in a verdict for $20,000. The trial court, in the exercise of its discretion, set aside this verdict and granted a new trial. On the second trial, April 9, 1906, plaintiff obtained a verdict for $5,000. The defendant made a motion for a new trial, which was overruled, whereupon the defendant excepted and brings to this court the whole record, including exceptions pendente lite to rulings on the first trial. In this court the plaintiff in error abandoned all assignments of error except, first, the order of the court allowing the plaintiff to amend her declaration by striking therefrom the allegation that she was suing in her capacity as "administratrix" of Clyde Smith, and inserting in lieu thereof herself as widow of Clyde Smith; second, the overruling of the motion to dismiss the petition as amended; and, third, the rejection of the plea of the statute of limitations. These assignments constitute the gravamen of the case to be reviewed by this court.

1, 2. Did the court err in allowing the amendment to the petition, striking therefrom the allegation that Mrs. Maude Smith was the administratrix of the estate of Clyde Smith, and inserting in lieu thereof herself as the widow of Clyde Smith, and allowing the suit to proceed in her individual name? Under the original petition based on the sections of the Tennessee code therein set up and proved, the suit was brought by the administratrix for the benefit of his widow and two minor children. The Supreme Court of this State held that this was a good suit in behalf of the widow (119 *Ga.* 667, supra). The administratrix was only a nominal plaintiff, the real plaintiff being the widow. Under the law of Tennessee, the right of action given to the husband passed, by virtue of this statute, to his personal representative, for the benefit of his widow. And even under the law prior to the act of 1871, the widow had the right to prosecute the suit in the name of the personal representative, under certain conditions. The act of 1871, chapter 78, Acts of Tennessee, amended the law on this subject by providing that the right of action which the deceased husband would have had if he had not died shall pass to his widow, and allowing the widow to prosecute the suit in

her own name. The Supreme Court of Tennessee in Webb *v.* Ry. Co., 4 Pickle, 128, construing the old law and the act of 1871 amendatory thereof, says: "Both before and since the amendment, the administrator is in fact a nominal plaintiff, the recovery being for the widow and children. . . When we consider the object in view, and when we take the language of the amendatory act itself, we are led to the conclusion that the legislature intended merely to give the cause of action to the widow in her own name in preference to any administrator, but not to the exclusion of an administrator where the widow elected not to sue."

When this suit was filed, either the administratrix or the widow had the right to bring it. The plaintiff, as administratrix, filed the suit as the nominal plaintiff, for her individual benefit as the real party at interest. The amendment allowed under the act of 1871 simply eliminated from the case the nominal party, and substituted therefor the real party. There was no change of persons, but the real party interested in the suit, and in whom was placed the right of action, took the place of the nominal party. The substance was exchanged for the shell. While such change secured and perfected the rights of the real plaintiff, we can not see how it injuriously affected any of the rights of the defendant. It is well settled that the question presented by the allowance of this amendment must be determined according to the remedial statutes of this State. The right to sue, and the persons authorized to bring suit, are governed by the laws of Tennessee, where the cause of action arose. The method of suit is determined by the laws of the State where the suit is brought. "The practice of the lex fori in respect to pleadings, amendments, and the general mode of procedure will control, if it differs from the practice in the State where the cause of action arose." This rule is so perfectly familiar as to render citation of authority unnecessary. *South Carolina Railroad Co.* v. *Nix,* 68 *Ga.* 572 (4a); *O'Shields* v. *Ry. Co.,* 83 *Ga.* 621. This being true, section 5106 of the Civil Code applies and conclusively settles the question. This section is as follows: "In an action by or against an executor, administrator, or other representative, the declaration may be amended by striking out the representative character of such plaintiff or defendant. And in an action by or against an individual, the pleadings may be amended by inserting his representative character." The

amendment in this case simply struck the representative character of the plaintiff, who was only the nominal plaintiff, and left the suit to proceed in the individual name of the widow, who was the real plaintiff, and, so far as the defendant was concerned, the only person who had any right to the recovery or any interest therein. 119 *Ga.* 669, supra.

But it is insisted that under the law of Tennessee, presumably the common law, a temporary administrator was not such personal representative as was authorized to bring the suit. The declaration in this case alleged generally that the plaintiff was the administratrix of Clyde Smith, deceased; and for the purpose of deciding the question made by the amendment, in the absence of a special demurrer, we must assume that she was the regular or permanent administratrix. But conceding that the suit was brought by her as temporary administratrix, and that by the laws of Tennessee such administratrix could not bring the suit, she being also the widow, clearly entitled to bring the suit under said laws, the right to strike the word administratrix,—merely a word descriptio personæ, and leave the suit to proceed in her name as widow, is manifest. In other words, the allegations of the declaration with this word left out making a good cause of action in behalf of the widow, such word can be stricken out as a misdescription, and the suit stand as a good one in the name of the widow. The widow has an individual right to recover under the Tennessee statute, without reference, to whom the proceeds are afterwards to be distributed. Certainly she would have such right as to her own individual interest in the proceeds, and the suit, as amended, would therefore be a perfectly good suit as to her. Act of 1871, chapter 78, Acts of Tennessee; Webb *v.* Ry. Co., 4 Pickle, 119; Geenlea *v.* R. Co., 5 Lea, 418; Hooper *v.* Railroad, 107 Tenn. 712; *A. K. & N. R. Co.* v. *Smith,* 119 *Ga.* 669. We might therefore well hold that the suit as originally brought was by the widow in her individual capacity, and that the amendment was really unnecessary, on the assumption that she, as the temporary administratrix, was not authorized to bring suit, but as the widow, she was so authorized.

The case of Flatley *v.* Memphis & Charleston Ry. Co., 9 Heis. 230, is relied upon by counsel for plaintiff in error. That was a suit before the act of 1871, and was by the widow of the deceased

who had been negligently killed by the defendant. Under the law as it then existed, she had no right to bring a suit as widow of the deceased, except in the name of the personal representative, and to prevent the defeat of such suit an amendment was made, substituting the administrator as plaintiff. The amendment was allowed, but the court held that prior to such amendment no suit had been brought for this cause of action that could be maintained, and the statute of limitations of Tennessee was sustained. When the present suit was brought the widow did have the right of action under the law of Tennessee, and after the words of description had been stricken out by the amendment, it left the cause of action in the name of the widow substantially as it had been from the filing of the original declaration. It is also insisted by counsel for plaintiff in error that the amendment substituted the widow as the personal representative of the deceased, as plaintiff, for the widow as an individual. If this be true, such right is fully given by the latter part of section 5106 of the Civil Code, which says, "And in an action by or against an individual, the pleadings may be amended by inserting his representative character." We think it wholly immaterial, under this section of the code, and under section 3361, whether the amendment changes the character of the suit from that of an individual into a suit by the personal representative, or by the administrator as personal representative into a suit by the widow as personal representative, for all of these changes are clearly provided for under code sections, supra.

3. If, therefore, this amendment was properly allowed, it follows as a corollary that it did not open up the suit to the statute of limitations. The amendment relates back to the date of the original declaration, and if it be not barred, the amendment will be not barred. That an amendment properly allowed does relate back to the date of the filing of the original declaration, is too well settled to admit of doubt. That this amendment did not substitute a new party nor set up any new cause of action, we have endeavored to show. The cause of action was that of the deceased, passing at his death to his widow or personal representative. Unnecessary words of description, describing the plaintiff as administratrix, were stricken out, leaving the same person as an individual, in her individual right, to prosecute the suit. That such an amendment relates back to the filing of the suit so

as to prevent the bar of the statute of limitations has been repeatedly held by our Supreme Court. *Colley* v. *Gate City Coffin Co.,* 92 *Ga.* 664; *Verdery* v. *Barrett,* 89 *Ga.* 349; *South Carolina R. Co.* v. *Nix,* 68 *Ga.* 572; *Rutherford* v. *Hobbs,* 63 *Ga.* 243; Flatley *v.* R. Co., 9 Heis. 230; Hooper *v.* Ry. Co., 107 Tenn. 712.

We have given to the able argument of the counsel for the plaintiff our earnest and careful consideration. We do not in this opinion think it necessary to follow him in the many phases of the objections which he has so forcibly urged against the allowance of the amendment in question, nor in his contention that the statute of limitations, after the amendment had been allowed, was fatal to the suit. We think there can be no doubt that the vital question in this case, to wit, the allowance of the amendment, is fully governed by the provisions of our Civil Code, supra, on the subject. These provisions are liberal in behalf of the substantial rights of parties. Subtle distinctions or over-nice constructions, which tend to destroy or render doubtful the enforcement of right and justice, should not be favored. The trend of modern judicial utterance is to make plain the pathway of the law, and to make impossible the defeat of substantial rights by mere technicalities. Apply these observations to the facts of this case. A man is killed in Tennessee by the negligent conduct of the railroad company. The law of that State plainly says that the right of action for such wrong is in the deceased, but shall not die with him, and survives to his widow or personal representative. Either one can set in motion the legal machinery to enforce the right of action against the wrong-doer, or, to use the expressive language of the learned counsel for plaintiff in error, "either one is the legal conduit through whom the fruits of recovery could reach the beneficiaries entitled." The widow begins as the administratrix, merely as a formal party. Preferring to proceed as the real party at interest, she simply strikes from her declaration the useless word of description, "administratrix;" but with that word gone, she leaves the suit, in the name of the widow, complete and perfect as to form and substance. Conceding her undoubted right to recover as the widow, can it be possible that in getting rid of the descriptive word she thereby gives the death-blow to her right? To so hold, it seems to us, would not only be the death of the spirit of the law and the ex-

altation of its mere form, but would result in the infliction of a great wrong, and would be violative of the express letter of our code sections, supra, on the subject of amendments.

For the reasons above given, we hold that the court did not err in allowing the amendment and overruling the motion to dismiss the suit, and in rejecting the plea of the statute of limitations.

*Judgment affirmed.*