26035. CITIZENS AND SOUTHERN NATIONAL BANK, executor, *v.* MIZE, executor *et al.*

DECIDED JULY 30, 1937.

*Edwards & Edwards,* for plaintiff.

*E. S. & J. L. Griffith, Walter Matthews, Astor Merritt, Homer Watkins,* for defendants.

MacINTYRE, J.   The Citizens and Southern National Bank as executor of the estate of Alice E. Munroe, deceased, brought an action on a promissory note against J. W. Mize as executor of the estate of J. H. Mize, Walter Matthews as administrator of the estate of W. M. Fincher, Walter Matthews as administrator of the estate of J. F. Summerville, G. W. Abernathy, John W. Harris, J. A. Dean, G. B. Richards, and J. P. Merritt.   The note was a sealed instrument for the principal sum of $1080, dated December 28, 1912, payable "on or before January 10, 1914, after date  .  .  to the order of Munroe Lumber & Trading Company .  . , with interest from maturity at  .  .  eight per cent. per annum," and was signed by J. H. Mize, W. M. Fincher, J. F. Summerville, G. W. Abernathy, John W. Harris, J. A. Dean, G. B. Richards, J. P. Merritt, and others who were not sued for reasons stated in the petition.   We quote the following paragraphs from the petition: "7.   On the face of said note the same appears to have run more than twenty years since the same matured on the 10th day of January, 1914; but petitioner charges said note is a continuing and subsisting liability against said signers named in the petition and the estates represented, for the reasons set out in the eighth paragraph of this petition.   8.   The Munroe Lumber & Trading Company, the payee named in said note, was a trade-name used by J. M. Munroe and R. D. Munroe then in life, and the title to said note and the right to sue on  .  . same was in J. M. Munroe and R. D. Munroe.   J. M. Munroe died October 18, 1927, and R. D. Munroe died February 29, 1928. There was never any administration on either of the estates of

said J. M. Munroe or R. D. Munroe, and the running of the statute of limitations against the right of representatives on the estate of each to enforce the collection of said note was suspended for five years subsequent to the death of each of said parties, under the statute made and provided in such cases. 9. J. M. Munroe at the time of his death left surviving him as his sole heirs at law his wife, Mandeline Munroe, and his son, R. D. Munroe. Said R. D. Munroe at the time of his death left surviving him as his sole heir at law his wife, Alice E. Munroe, who died December 20, 1935. 10. On September 15, 1934, said Mrs. Mandeline Munroe died, after having executed her last will and testament in which she bequeathed all of her property, both real and personal, to said Alice E. Munroe; which will has been duly probated in solemn form. . . 11. By the terms of said will and her rights of inheritance said Alice E. Munroe became the sole owner of said note, . . and had the right at the time of her death to enforce the collection of same as the owner thereof. 12. There is now due on said note . . $1080 principal, with $152.40 interest to this date; and petitioner prays judgment for said sums of principal and interest, with costs of suit."

The demurrer to the petition was substantially as follows: 1. The petition sets out no cause of action. 2. The note declared upon "is out of date, is barred by the statute of limitations, . . and the said suit . . should abate, be dismissed and declared of no force. 3. There is no proper plaintiff in the case, as is shown by the petition and all the allegations therein, and said suit should not for this reason proceed, but should be dismissed."

After the filing of the foregoing demurrer, the plaintiff offered to amend the petition as follows: "1. By substituting the name of R. C. Holcombe, administrator of the estate of J. M. Munroe, and also as administrator of the estate of R. D. Munroe, both late of said County of Haralson, deceased, as plaintiff in said case suing for the use of the Citizens & Southern National Bank, executor of Alice E. Munroe, deceased. 2. Plaintiff further amends said suit by order of the court allowing said R. C. Holcombe as such administrator of the joint estates of J. M. Munroe and R. D. Munroe to adopt the allegations set out and contained in said suit above stated, and to be allowed to pray for judgment on the note sued on in favor of said two estates jointly." After

disallowing the proffered amendment, the court sustained the demurrer and dismissed the case. The plaintiff in error excepted.

"Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action shall have accrued." Code, § 3-703. "The time between the death of a person and representation taken upon his estate, or between the termination of one administration and the commencement of another, shall not be counted against the estate, provided such time shall not exceed five years; but at the expiration of that time the limitation shall commence, though the cause of action shall have accrued after his death." § 3-803. The petition in this case as originally drawn was subject to the demurrer that it showed on its face that the note was barred by the statute of limitation before the action was brought; for "The provision of the Civil Code of 1910, § 4376 [Code of 1933, § 3-803], can be invoked only by a legal representative, and does not apply in favor of heirs at law who elect to sue in their own right," and "the statute of limitation was not tolled . . upon the ground that there was no administration upon such estate." *Lazenby* v. *Ware*, 178 *Ga.* 463 (173 S. E. 86). However, in the instant case the plaintiff offered an amendment to its suit, setting out that R. C. Holcombe was the duly appointed administrator of J. M. Munroe and also of the estate of R. D. Munroe, who were the original payees in the note sued on; the amendment praying that Holcombe, as administrator of the two estates, be made a party plaintiff in said suit and as such administrator be substituted as suing for the use of the plaintiff. This amendment was disallowed. The administrator of the original payees of the note, sought to be substituted for the then plaintiff for whose use it was sought to be maintained, could properly be made a party; for while the executor of Alice E. Munroe had an equitable interest in the subject-matter of the suit, the legal title was in the two Munroes who were the original payees in the note. The equitable title to the note sued on was in Mrs. Alice E. Munroe by virtue of her inheritance from her husband and the will of Mandeline Munroe, and gave her the right to invoke the aid of the administrator of the two estates who held the legal title to the note in question. "Where the transferee of a note is unable to maintain an action on it in his own name, his rights may be enforced by an action in the name of his assignor,

330

suing for his use; and where an action on the note has been brought in his own name, an amendment naming the assignor as plaintiff, suing for his use, does not change the cause of action or substitute for the original plaintiff a new and distinct party. . . The fact that the assignor is the administrator of the estate of the original owner of the transferred note does not constitute an exception to this rule." *Toole* v. *Cook*, 15 *Ga. App.* 133 (82 S. E. 772); *Atlanta, Knoxville &c. Ry. Co.* v. *Smith*, 1 *Ga. App.* 162 (58 S. E. 106); *Kennedy* v. *Gelders*, 7 *Ga. App.* 241 (66 S. E. 620); *Germania Bank* v. *Collins*, 113 *Ga.* 1010 (39 S. E. 421); Code, § 81-1307.

We think it is deducible from the above cases that one suing in his capacity as administrator may amend by substituting another suing as administrator. The amendment should have been allowed. We then would have had the administrator of the original payees of the note suing the same. With reference to an action which would have been barred by the statute of limitation within four years, the Supreme Court in *Cornelison* v. *Sansom*, 175 *Ga.* 467, 469 (165 S. E. 264), said: "No reason is shown why the action was not or could not, have been brought within four years after the period of five years which is not to be counted against an unrepresented estate, under § 4376 [Code of 1933, § 3-803]. . . In *Morgan* v. *Woods*, 69 *Ga.* 599, this [Supreme] court said: 'Five years are allowed before the statute of limitations begins to run against an unrepresented estate; after that time the statute runs against it as in ordinary cases.'" In *Walker* v. *Hall*, 176 *Ga.* 12 (166 S. E. 757), our Supreme Court said: "The intestate died on January 12, 1924. There was no representation on the estate until the judgment appointing the administrator in 1930. Suit was filed in the city court on September 5, 1931. 'The time between the death of a person and representation taken upon his estate . . shall not be counted against creditors of his estate, provided such time does not exceed five years; at the expiration of that time the limitation shall commence.' Civil Code (1910), § 4377. . . The suit filed in the city court was not barred by the statute of limitations." In the instant case, the suit having been brought within twenty years after the period of five years which is not to be counted against an unrepresented estate, the action was not barred as against R. C. Holcombe, administrator, in

whose name as such administrator the suit would have been proceeding if the amendment had been allowed. We hold that the court erred in refusing to allow the amendment, and thereafter in sustaining the demurrer invoking the statute of limitations. On rehearing, the former judgment in this case is vacated, and the present judgment is substituted therefor.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*