27515, 27636. ATTAWAY, administratrix, for use, *v.* DIECK-MANN, administratrix; and *vice versa.*

Decided July 6, 1939.

*J. G. Roberts,* for plaintiff.

*H. B. Moss, Gordon B. Gann,* for defendant.

STEPHENS, P. J. On September 28, 1938, J. V. Carmichael as administrator de bonis non cum testamento annexo of the estate of J. F. Barmore, deceased, filed suit against Mrs. Emma Dieckmann as administratrix of Mrs. Mary A. Moss, alleging in his petition, that Barmore died leaving a will; that the executor resigned, and William Attaway was appointed administrator de bonis non cum testamento annexo of the estate of Barmore, and qualified by giving bond; that Attaway loaned Mrs. Moss $2000 from the corpus of the estate, taking from her a note and a deed to secure the debt, which were executed and delivered to William Attaway, administrator of the estate of J. F. Barmore, for and on behalf of the estate, and were shown among the assets of the estate in his return; that Attaway died in 1937, and petitioner was appointed administrator de bonis non cum testamento annexo of the estate of

Barmore; that Mrs. Moss died intestate in 1934, and Mrs. Dieckmann was appointed administratrix of the estate of Mrs. Moss, and qualified as such on September 12, 1938; that "said indebtedness is long past due, and your petitioner is entitled to collect said indebtedness as a part of the assets of the estate, for the purpose of proper and legal administration," that "your petitioner desires only a judgment in rem against the land" described in the deed, "and expressly waives the right to any judgment in personam against the defendant as representative of the estate of" Mrs. Moss; and that petitioner prays for process, and for "judgment for principal and interest due on said indebtedness in rem against the property described in exhibit B." Attached to the petition were copies of the note and loan deed.

The defendant demurred on the ground that the petition showed no cause of action in the plaintiff, because the words "administrator of estate of J. F. Barmore," which followed the name of William Attaway in the note and in the loan deed, were merely words of description, and that the title to the note sued on was in William Attaway individually, and on the further ground that the suit showed that it was filed less than twelve months after the defendant's appointment and qualification as administratrix of Mrs. Moss. Before the court ruled on this demurrer the plaintiff filed an amendment alleging that Mrs. Nannie Attaway had been appointed permanent administratrix of the estate of William Attaway; that the legal title to the instruments was vested in the representative of William Attaway, though the equitable title was in Carmichael as representative of the estate of Barmore; and that Mrs. Nannie Attaway should be substituted as plaintiff in the suit, suing for the use of Carmichael as administrator. On this amendment the court granted an order substituting Mrs. Nannie Attaway as administratrix of William Attaway, suing for the use of Carmichael as administrator of Barmore in lieu of the original plaintiff. The amendment was granted subject to demurrer. The defendant demurred to the amendment on the grounds taken in the original demurrer to the petition, and on the ground that the amendment undertook to substitute a new and distinct party as plaintiff who had no interest, either legal or equitable, in the subject-matter. At the end of this second demurrer, after paragraph 7, is a paragraph headed "Twelve-months exemption," in which it

is alleged that it appears that the defendant had been appointed as administratrix only twelve days when the suit was brought, and that this was a violation of the judiciary act of 1799, by which it was enacted that the affairs of a dead person were exempt from disturbance for a space of twelve months. This paragraph of the second demurrer seems to be separate from paragraph 7, and is not numbered. The plaintiff filed also a demurrer to the answer of the defendant. The only ground of this demurrer which requires notice is a special demurrer to paragraph 12 of the answer, in which the defendant alleged that the defendant "does not know what other facts may exist modifying and contradicting the allegations in paragraph 12 of said petition, and does not commit herself to admitting or denying such allegations," the demurrant claiming that this allegation was too indefinite to constitute any defense, and that any facts which might constitute a defense to the note were necessarily within the knowledge of the defendant. The court overruled this demurrer on all grounds.

The court, on January 4, 1939, sustained the original demurrer to the petition before it was amended, on all grounds except ground 3, that it appears from the petition that suit was filed within twelve months of the appointment of the administratrix, which ground was overruled. On the same date the court passed another order sustaining the renewed demurrer to the petition as amended, on all grounds from 1 to 7, inclusive, and dismissed the case. The ground of demurrer captioned "Twelve-months exemption" does not seem to have been passed on. If it was passed on, it was sustained.

The plaintiff excepted, assigning error on the sustaining of the renewed demurrer to the petition and dismissing the case, and to the overruling of the demurrer to the answer. The defendant filed a cross-bill of exceptions.

After the case was transmitted to this court the defendant in error moved to dismiss the writ of error, on the ground that the bill of exceptions failed to give the court jurisdiction, there being "no allegation that Judge Frank Guess presided on the hearing of the demurrers or any demurrer in said case stated," the bill of exceptions being simply a criticism of the individual acts of Frank Guess, and insufficient to bring the official acts of any judge before the Court of Appeals, and there being no allegation that anybody

presided in the city court of Decatur when the demurrers are claimed to have been heard. The plaintiff in error moved to dismiss the cross-bill of exceptions, on the ground, among others, that it was not served within the time required by law, as it was certified on February 18, 1939, and was not served until March 13, 1939, more than ten days after the date of certification.

■ The motion to dismiss, as to the main bill of exceptions, is without merit. On a reasonable interpretation, the exceptions allege that the judge of the city court made the rulings complained of. As these rulings were on demurrers, the judge was the proper authority to make the rulings. In such cases the judge is the court, and the fact that it was not alleged that the rulings were made by the court or by the judge presiding in the court was not sufficient ground for dismissal.

■ It appears that the main bill of exceptions was certified and served on the defendant in error on January 13, 1939. The cross-bill was certified February 8, 1939, and was served on March 13, 1939. In acknowledging service of the cross-bill counsel for the plaintiff in error reserved the "right to object for time of service." While it is true that the statute does not prescribe any limit of time for filing and serving a cross-bill, the Supreme Court has held that the limit of time prescribed for tendering an original bill of exceptions applies to the cross-bill. *Roberts* v. *Northwestern National Life Ins. Co.*, 143 *Ga.* 780 (85 S. E. 1043); *Jeanes* v. *Williams-Prescott Turpentine Co.*, 185 *Ga.* 91 (194 S. E. 746). While these decisions relate to the time for tendering a cross-bill, the reasoning on which they are based applies to the time for serving the cross-bill. The cross-bill of exceptions was not served within the ten days required by law. The motion to dismiss the cross-bill on this ground is sustained.

■ Before the court ruled on the original demurrer, the plaintiff filed an amendment to the petition. The defendant then renewed her demurrer and filed additional grounds of demurrer to the petition as amended, in which the grounds of the original demurrer were substantially repeated. The court sustained all of the defendant's demurrers except ground 3 of the original demurrer, which alleged that the suit was premature because brought within less than twelve months from the date of her appointment and qualification as administratrix, which latter demurrer was over-

ruled. The amendment to the petition substituted Mrs. Nannie Attaway as administratrix of the estate of William Attaway, as plaintiff suing for the use of Carmichael as administrator of Barmore, in lieu of Carmichael, the original plaintiff. This amendment was attacked in the defendant's additional demurrers, but it was properly allowed. *Kennedy* v. *Gelders*, 7 *Ga. App.* 241 (66 S. E. 620) ; *Citizens & Southern National Bank* v. *Mize*, 56 *Ga. App.* 327 (192 S. E. 527) ; Code, § 81-1307. This amendment cured any defect which may have existed in the original petition as to the right of the plaintiff to maintain the suit. The court could not properly dismiss the case on any of the grounds of demurrer based on any such defect.

■ Counsel for the defendant in error argued that the suit could not be maintained, because it was filed in less than twelve months after the appointment and qualification of the defendant as administratrix of Mrs. Moss. The record shows that this contention was made in ground 3 of the defendant's demurrer to the original petition, and an order of court appears overruling this ground. At the end of the defendant's renewed demurrers, in a separate paragraph without a number, the defendant repeats the contention that the suit was prematurely brought. Since this paragraph deals with an entirely different subject-matter from the numbered paragraph which it follows, it is at least questionable whether it is to be considered as a part of the numbered grounds which the court sustained. This order was passed on January 4, 1939, the same day on which the court passed the order overruling ground 3 of the original demurrer in which the petition was demurred to on the ground that the suit was prematurely brought, in that it was brought within twelve months of the appointment of the administratrix. It can hardly be contended that the court, in sustaining the ground numbered 7 of the renewed demurrers, intended to reverse itself by holding that the case should be dismissed on the ground that it was prematurely brought. It can better be contended that the order on the original demurrer takes precedence over the other order. The fair conclusion is that the court did not make two contradictory rulings on the same subject, and did not rule on the added paragraph to ground 7, as that matter was covered by the order overruling ground 3 of the original demurrer. The cross-bill having been dismissed, the question

whether the suit was prematurely brought is not now before this court. The judgment overruling the defendant's demurrer on this ground is the law of the case.

■ The plaintiff complains of the judgment overruling the demurrer to the defendant's answer. The only ground of this demurrer which requires notice is the special demurrer to paragraph 12 of the answer. The objection to this paragraph, that it was vague and indefinite and that the facts were peculiarly within the knowledge of the defendant, can not be sustained. The answer was made by a representative of the maker of the note and deed, who was claiming substantially that she had not had time to look into the affairs of the estate, the suit having been brought only twelve days after her appointment and qualification as representative. The paragraph of the petition to which the objectionable paragraph of the defendant's answer applied alleged that the plaintiff was the holder of the note. This fact was peculiarly within the knowledge of the plaintiff, and not the defendant. There was no error in overruling the plaintiff's demurrer to the answer.

The court erred in sustaining the demurrers and dismissing the action.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Sutton and Felton, JJ., concur.*