COTTON *et al.* v. WOOD.

1. **Trust: RESULTING: ADVANCEMENT: ONUS.** Where the consideration of real estate is paid by one, and the legal title taken in the name of another, a resulting trust is thereby created in favor of the former, unless the person to whom the conveyance is made be one for whom the party paying the consideration is under a natural or moral obligation to provide, in which case, the transaction will be regarded *prima facie* as an advancement, and the burden will rest on the person seeking to establish the trust, to overcome the pre-

Cotton v. Wood.

sumption in favor of the legal title. This presumption, though strong, is not conclusive.

2. —— HUSBAND AND WIFE. Where a husband purchases real estate, and causes the title thereof to be conveyed to his wife, under the express agreement with her, that she shall convey the same to the husband on his request, she has no such beneficial interest in the property, that will, in the event of her death while holding the title, and as against the husband, descend to her heirs.

3. —— CHARACTER OF TRUST. Nor would a transaction of this character be in the nature of an express trust, which would, under section 2213 of the Revision, have to be evidenced in writing. The consent or agreement of the person to whom the conveyance of real estate is made, to hold the title for the benefit of the person furnishing the consideration, does not change the character of the trust from a resulting to an express one

4. —— EFFECT OF RECITALS IN DEED. Nor would the case be changed by the recital in the deed, that the conveyance was for the use of the grantee, and for a valuable consideration, and the husband might, in the case before stated, show, notwithstanding such recital, that the wife held no beneficial interest in the property.

5. —— STALE CLAIM: STATUTE OF LIMITATIONS. A court of equity will not refuse to enforce a trust satisfactorily established, on the ground that the claim is stale, when it has not run for a period that is necessary to create a bar under the statute of limitations.

6. Homestead: DESCENT: RIGHT OF SURVIVOR. Upon the death of the husband or wife (as the case may be), holding the legal title to the homestead, it descends to the heirs subject to the right of occupancy in the survivor.

*Appeal from Benton District Court.*

MONDAY, JUNE 8.

THIS is a suit in equity. The petition shows that plaintiff Cotton purchased, and paid for out of his own means, on the 4th of August, 1857, lot 5, block 18, in Beckett's addition to the town of Vinton, and caused the same to be conveyed to his wife, P. A. Cotton, under an agreement between them, that she would convey, to him or to

Cotton v. Wood.

whomsoever he might assign his interest therein, the said property, upon request so to do.

The petition alleges that the conveyance was so made to the wife, "to save costs and trouble, and to have the legal title to said property vested in his then wife, P. A. Cotton, in case the said petitioner should die." That said plaintiff and his said wife adopted defendant, whereby she became entitled to all the rights of a child of said parties, and that on the 20th of September, 1862, the wife died. That the property since its purchase, has been occupied as a homestead by the said plaintiff Cotton, who, however, has conveyed a part of the lot to his co-plaintiff Vanatta. The relief asked is, that the title of said property, by proper decree, may be vested in petitioners, etc.

The defendant demurred to the petition. The demurrer was sustained, and the petition dismissed. Plaintiffs appeal.

*S. P. Vanatta* for the appellant.

*Shane & McCartney* for the appellees.

BECK, J. — I. Where, upon the purchase of property, the consideration is paid by one, and the legal title con-

1. TRUST: resulting: advancement: onus.

veyed to another, a resulting trust is thereby raised, and the person named in the deed will hold the property as trustee of the party paying the consideration. See Hill on Trustees, p. 91, and authorities cited in notes; 2 Story's Eq. Juris. § 1201. But if the person to whom the conveyance is made be one for whom the party paying the consideration is under obligation, natural or moral, to provide, the transaction will be regarded *prima facie* as an advancement, and the burden will rest on the one who seeks to establish the trust for the benefit of the payee of the consideration, to

overcome the presumption in favor of the legal title by sufficient evidence.

This presumption, though strong, is not conclusive. Hill on Trustees, 97, and notes; *Sunderland* v. *Sunderland*, 19 Iowa, 328; *Livingston* v. *Livingston*, 2 Johns. Ch. 540; 2 Story's Eq. Juris. § 1203; 2 Wash. Real Property, 173–174, 204; *Welton* v. *Divine*, 20 Barb. 9; *Guthrie* v. *Gardner*, 19 Wend. 414; *Harder* v. *Harder*, 2 Sandf. Ch. 17.

It is argued, that, inasmuch as the petition discloses the fact that the property was conveyed to the wife in order to vest in her the legal title in case of the death of her husband, therefore she acquired a beneficial interest in it. But it is averred in the petition that she received the title with the express agreement that she should convey the same to the husband upon his request. This allegation negatives the idea of her beneficial interest in the property.

2. —— husband and wife.

The obvious meaning of the petition is, that she was to hold the property in trust for the husband until his death, and it was then to become hers absolutely. Her beneficial interest was contingent upon the will of the husband and subject to be terminated by him. She had then no beneficial interest that would descend to her heirs against the will of her husband.

II. The second objection to the petition is that it shows the existence of an express trust, and fails to show that it is in writing as provided by section 2213 of the Revision. But the trust is based upon the fact of the payment of the purchase-money of the property by the husband. This, of itself, created it. It cannot be that the consent of the trustee to hold the title for the benefit of the *cestui que trust*, or an agreement so to do, in case of a resulting trust, will change its character. By the agreement the trustee simply assents

3. —— character of trust.

to an obligation imposed by the law; the trust would exist without the agreement by operation of law. The agreement cannot destroy the effect of the conditions under which the law presumes the estate is held by the trustee. *Livingston* v. *Livingston*, 2 Johns. Ch. 540; *Page* v. *Page*, 8 N. H. 187; *Runnels* v. *Jackson*, 1 How. (Miss.) 358; *McCulloch* v. *Cowher*, 5 Watts & Serg. 427; *Harder* v. *Harder*, 2 Sandf. Ch. 17.

In another view the agreement between the husband and wife can be properly shown in evidence in order to rebut the presumption that the property was conveyed to the wife as an advancement, and for that purpose it is properly set out in the petition. Without some averment which in effect operates to negative that presumption, the petition would have been obnoxious to demurrer.

III. It is further objected that where there is an express declaration in the deed that the conveyance is for the use 4. —— effect of the grantee and for a good and valuable of recitals in deed. consideration, there can be no presumptive or resulting trust; and that, inasmuch as the deed of the property in question, as to the wife, states these facts, she will be presumed to have the beneficial interest in the property, and the presumption cannot be rebutted by parol evidence.

This may be the rule, but it does not extend to cases where land is purchased with the funds of a party, or the consideration paid by him, and the conveyance taken in the name of another. Such cases are exceptions to the rule. Unless such exceptions are recognized, there could be, in fact, no such thing as a presumptive trust, unless evidence thereof appeared in the body of the dead.

IV. The objections, that no demand is shown by the petition to have been made upon the wife in her life-time, 5. —— stale or upon her heir, for a conveyance of the prop- claim: statute of limitations. erty, and that plaintiff's claim is *stale*, are not

tenable.   The demand is not necessary to be averred in the petition.   If the right of action can be barred by the statute of limitations, the time which will work a bar had not run prior to the bringing of the suit.

A claim satisfactorily established will not be regarded stale by a court of equity, and for that reason its enforcement refused, when it has not run for a period that is necessary to create a bar under the statute of limitations.

V. Under the second division of plaintiffs' petition, they claim that, the property being the homestead of Cot-

6. HOMESTEAD: descent: right of survivor. ton and wife, at her death, he, as survivor, inherited the same, and thus took the legal title thereof absolutely.   In *Burns et al.* v. *Keas et al.* (21 Iowa, 257), this court held, that the homestead descends to the heirs of either husband or wife, whichever may hold the legal title, subject to the right of occupancy in the survivor.   To this part of the petition the demurrer was properly sustained.

The judgment of the District Court upon the demurrer to the first division of plaintiffs' petition is reversed, and the cause will be remanded for further proceedings not inconsistent with this opinion.

Reversed.