This is an action upon a covenant against incumbrances contained in a deed for a tract of land from the defendant, R. M. Deaver, to his brother, A. E. Deaver, dated 11 May, 1897. The deed also contained covenants of seizin and of warranty. The consideration recited in it is $3,000, the receipt of which by the defendant is acknowledged. The breach alleged consists in the fact that at the time the deed was executed *Page 188 
there was an incumbrance on the land, to wit, a deed of trust dated 21 October, 1890, from the defendant to J. E. Rankin, securing a debt of $1,000, which was evidence by a note of the defendant payable to Mrs. Mary J. Lusk, and due 1 January, 1891.
The defendant, admitting the execution of both deeds and the existence of the indebtedness to Mrs. Lusk, secured as above stated, alleges in his answer that the plaintiff's intestate became the beneficial owner of the land, and that the defendant, having only the naked legal title and having no other interest of any kind, executed the deed of 11 May, 1890, (242) and thereby conveyed the land to the intestate — the latter for a valuable consideration — having at the time assumed the debt due to Mrs. Lusk and promised to pay the same to her, and thereby satisfy and discharge the deed of trust to Rankin. The defendant further alleges that the deed of 11 May was executed with the distinct understanding and agreement that it was intended merely to convey the legal title, which was then in the defendant, and for no other purpose, and that in fact no such consideration as is mentioned in the deed passed from the intestate to the defendant, and that the intestate never paid the defendant anything for the land in money or money's worth. Issues were submitted to the jury, and among others three, which are numbered five, six, and seven, were based upon the averments of the answer just set forth. In order to sustain the affirmative of those three issues, the defendant proposed to prove by W. E. Logan that the tract of land was originally purchased by the intestate and the defendant from one Roberts, who was directed to convey it to the defendant Deaver for the purpose of being held by him in trust for himself and his brother until some pending matters could be adjusted. The witness afterwards bought the interest of the defendant, with the understanding between himself and the intestate that the defendant should continue to hold the legal title for them; that, afterwards, the witness sold his interest to the intestate, and it was agreed in the settlement between them that the intestate should assume and pay the debt due to Mrs. Lusk as a part of the consideration for the land, and that the defendant, instead of making the deed to the witness for his interest, should convey the whole interest directly to the intestate; that no consideration passed to R. M. Deaver in the trade and transfer, but he was merely required to convey the legal title held by him to the intestate, in order to carry out the agreement between the witness and the intestate; that the plaintiff, who is the administratrix of A. E. Deaver, was notified of the arrangement (243) between the witness and her intestate as to the assumption by the latter of the debt due to Mrs. Lusk. The court, upon objection by the plaintiff, excluded this testimony, except the part concerning the notice to Mrs. Lusk, and the defendant excepted. There was other *Page 189 
similar testimony offered by the defendant which was also ruled out by the court, and the defendant excepted. Evidence was introduced tending to show that A. E. Deaver bought the one-half interest of W. E. Logan at the same price the latter had agreed to pay the defendant for it. From a judgment in favor of the plaintiff, the defendant appealed.
After stating the facts: We do not see why the testimony of the witness Logan was not relevant and admissible, nor why he was not a competent witness. The testimony certainly tended to show that A. E. Deaver had agreed in the settlement with Logan, who had bought the defendant's one-half interest, that in consideration of the sale to him of that interest he would pay the Lusk debt and satisfy the deed of trust, and it is not incompetent because it contradicts the recital in the deed, namely, that the $3,000 had been paid. Where the payment of the consideration is necessary to sustain the validity of the deed or the contract in question, the acknowledgment of payment is contractual in its nature and cannot be contradicted by parol proof but where it is to be treated merely as a receipt for money it is only prima facie
evidence of the payment, and the fact that there was no payment, or that the consideration was other than that expressed in the deed, may be shown by oral evidence. Washburn thus states the rule, and the quotation seems to fit this case exactly: "Although it is always competent to contradict the recital in the deed as to the amount paid, in an action involving the recovery of the purchase money, or as to the measure of (244) damages, in an action upon the covenants in the deed it is not competent to contradict the acknowledgment of a consideration paid in order to affect the validity of the deed in creating or passing a title to the estate thereby granted." 3 Wn. R. P. (5 Ed.), marg. p. 614. This passage from Washburn is quoted and approved in Kendrick v. Ins. Co.,124 N.C. 315, 70 Am. St., 592, and the authorities in support of the principle are there collected by the present Chief Justice. See, also,Harper v. Dail, 92 N.C. 397, where Ashe, J., states clearly the distinction recognized in the books between a case where the evidence would affect the validity of the contract, or deed, and one where it would not but would only rebut the prima facie case made by the acknowledgment, treated as a receipt for money.
The assumption by A. E. Deaver to Logan of the Lusk debt was not within the statute of frauds. It was an original promise and not one superadded to the liability of R. M. Deaver. The intestate bought *Page 190 
Logan's interest in the land and, in consideration of the sale to him, promised to pay the Lusk debt. It seems to us that the case in this respect comes directly within the principle of Mason v. Wilson, 84 N.C. 51, 37 Am. Rep., 612, and Voorhees v. Porter, 134 N.C. 591, where other like cases will be found. The sale of the land to the intestate by Logan constituted a new and original consideration for the promise of the former to pay the Lusk debt, and is in no respect a promise to answer for the debt or default of another within the intent and meaning of the statute of frauds. If in the arrangement between the parties when the intestate acquired Logan's interest he promised to pay the Lusk debt, it would indeed be unjust if he or his representative should be allowed to repudiate the promise and subject the defendant to the payment of damages.
If the facts are found to be as we have stated them, and the defendant merely held the legal title by agreement of all the parties, and (245) conveyed it by their direction, there was no breach of the covenant, for it was not the defendant's duty to pay the debt. If the defendant did not in fact receive the consideration recited in the deed, there is no rule of law, and certainly none of equity, which forbids him to show the truth of the matter in order to defeat the enforcement of an inequitable claim.
We are at a loss to understand how the doctrine of parol trusts has any bearing upon the case. There is no attempt here to establish any such trust. The person supposed to be charged with the trust, that is, the defendant, admits it. The law concerning parol proof of trusts has nothing to do with the case, as we view it. The sole purpose is to show the entire nature of the transaction from its inception, when the defendant bought from Roberts and took the legal title for himself and his brother, the intestate, to its conclusion, when the alleged promise was made by the intestate to pay the Lusk debt. We cannot, therefore, conceive how the fact that an admitted parol trust comes incidentally into the case, as part of the proof of the ultimate fact, prevents the court, even under the most rigid application of the statute of frauds, from proceeding to investigate the matter with a view of ascertaining the facts and then of doing justice between the parties upon the facts as found.
The witness Logan was not incompetent as a witness under section 590 of The Code: (1) He is not a party to nor is he in any way interested in the event of the action; nor (2) does he propose to testify in behalf of himself, or (3) in favor of a party who derived his interest from him, or (4) against the representative of a party deceased who claims adversely to his assignee, nor (5) does his testimony relate to a personal transaction or communication with a deceased person whose representative is suing, or being sued, by the assignee of the witness. *Page 191 
A careful reading of section 590 will show that the objection (246) to the witness upon the ground of his incompetency is not within either the letter or the spirit of the enactment. Bunn v. Todd,107 N.C. 266. The case appears to show that, instead of proposing to testify so as to affect himself beneficially, either directly or indirectly, the witness was in fact ready to testify against his own interest, as he is the heir and distributee of A. E. Deaver, who was his uncle.
If it was at all necessary to plead specially the matters set up in defense, it may be that the answer was not drawn with that fullness and technical precision required by the rules of good pleading; but this defect may be remedied by amendment. We are inclined to the opinion, though, that while issues 5, 6, and 7 were properly submitted under the answer as it is now framed, yet that the excluded testimony was admissible under issues 8 and 9. It is not material in what form issues are submitted to the jury, provided they are germane to the subject of the controversy and each party has a fair opportunity to present his version of the facts and his view of the law, so that the case, as to all parties, can be tried on the merits.Warehouse Co. v. Ozment, 132 N.C. 839. The court erred in excluding the testimony as above indicated.
New trial.
Cited: Jackson v. Tel. Co., 139 N.C. 357; Wilson v. Cotton Mills,140 N.C. 57; Lemly v. Ellis, 143 N.C. 212; Horne v. Power Co., 144 N.C. 377;Clark v. Guano Co., ib., N.C. 71; Faust v. Faust, ib., 387; Aden v.Doub, 146 N.C. 13; Brown v. Hobbs, 147 N.C. 76; Bank v. Ins. Co.,150 N.C. 775; Marrow v. White, 151 N.C. 96; In re Herring's Will,152 N.C. 259; Dale v. Lumber Co., ib., 654; Wilson v. Taylor, 154 N.C. 215;Fields v. Bynum, 156 N.C. 415; Peele v. Powell, ib., 558; Alford v.Moore, 161 N.C. 387; Hendricks v. Ireland, 162 N.C. 524; Price v.Harrington, 171 N.C. 133; Handle Co. v. Plumbing Co., ib., 502; Hall v.R. R., 172 N.C. 348; Plemmons v. Murphey, 176 N.C. 675.
(247)