MARIA A. FAUST v. JOHN C. FAUST et al.

(Filed 16 April, 1907).

1. **Lands—Parol Trust—Definite Terms—Judgment in Personam.**
   A gift of land by deed to the children of a son upon his parol
   promise to pay the daughter of the donor a certain sum of money
   is not sufficiently definite in its terms to attach to the legal title
   a trust for its payment, but is a valid consideration to support the
   promise upon which a judgment *in personam* can be rendered.

2. **Judgment—Nonsuit—Entire Record—Relief.**—On an appeal from
   a judgment of nonsuit, upon the evidence, under the statute, the
   Supreme Court will examine the entire record in order to see
   whether a cause of action is alleged or proven sufficient to entitle
   the plaintiff to any relief.

3. **Evidence—Deed—Consideration—Prima Facie.**—The consideration
   expressed in a deed is *prima facie* evidence of the actual consid-
   eration, and not conclusive.

4. **Recovery—Party in Interest.**—The real party in interest may sue
   and recover in his own name upon a contract made in his behalf,
   under our Code system.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury, at
December Term, 1906, of the Superior Court of RANDOLPH
County.

The plaintiff alleged that her father, the late George A.
Faust, died intestate 6 May, 1902, leaving surviving his
four children, the defendants John C. Faust, George M.
Faust, Elvira Saunders, and herself. That prior to his
death the said George A. Faust owned four tracts of land,
one of them known as the "Stinson Place," containing 247
acres and worth $2,000. That prior to 29 May, 1901, he
had given to each of his said children, except plaintiff, a
tract of land, including a tract to John C. Faust, known as
the "Craven Place." That it was the intention of her said
father to give to plaintiff the "Stinson Place." That defend-
ant John C. Faust represented to his father that it would

be best for him to give to plaintiff money instead of land, and promised that if he would convey to him, the said John C., the "Stinson Place" that he would pay the plaintiff the sum of $500 in lieu of said land. That in pursuance of said promise, the said George A. Faust, on 29 May, 1901, conveyed to the other defendants, the children of said John C., the said tract of land, the deed reciting a consideration of $500, no part of which was paid. That thereafter, 1 November, 1902, the said children conveyed to their father the same land, the deed reciting a consideration of $1,500, no part of which was paid. That defendant, in violation of his said promise and agreement, made to and with the said George A. Faust, fraudulently refuses to pay to plaintiff the said sum of $500, though requested so to do, etc. The defendants deny that John C. Faust made the promise to pay plaintiff as alleged or that the land was conveyed in consideration of any such agreement. They admit that both the Craven and Stinson places were conveyed to defendant John C., but say that the land given to him was worth $500 less than that given to some of the other children. They also allege that George A. Faust had given to plaintiff other property of the value of $4,000. They plead the statute of limitations. The issue submitted to the jury, in accordance with the prayer in the complaint, is directed to the inquiry whether at the time of the conveyance any trust was declared or attached to the title for the benefit of plaintiff for the payment of the sum of $500. An issue was also submitted in regard to the statute of limitations. The plaintiff testified to the number, etc., of her father's children and the several tracts of land owned by him; that her father gave her a slave, etc.; that he did not give her $1,750; that she had been married a number of years.

W. W. Saunders, a witness introduced by plaintiff, testified that he married one of the daughters of George A. Faust. That during the year 1901 said George A. Faust and defendant John C. Faust came to his house, when the said George A. said that he wanted witness to witness an agreement between John C. Faust and himself. "George A. Faust said: 'I have decided it is not best to give my daughter Maria any real estate, and have decided it is best for her to have $500 in money instead, and have given the balance of my real estate to John, the 'Craven Place' and the 'Stinson Place,' and John is to pay Maria $500.' He asked John if that was not the agreement between them, and John nodded his head and said it was. John said: 'I have to pay the money as I make it out of the land.' I never told any one about this transaction until the former case was in Court here last March. I think the first time my sister-in-law found out about it was in March, 1906. John told me the title was not made to him, but was made to his children."

There was evidence tending to show that the land was worth about $2,000 and was listed for taxes at $1,200 after house was put on it. That about 200 barrels of corn and 180 bushels of wheat were made on it. At the conclusion of plaintiff's testimony, defendant moved for judgment on nonsuit. Motion was granted. Plaintiff appealed.

*R. C. Strudwick* and *O. L. Sapp* for plaintiff.

*J. T. Morehead, Hammer & Spence* and *W. D. Siler* for defendants.

CONNOR, J., after stating the case: We concur with his Honor in the opinion that the testimony, taken to be true, does not establish any declaration of trust in favor of the plaintiff. This is true for several reasons. Passing the

144—25

question of its competency to establish a trust by parol declarations made subsequent to the execution of the deed, we do not think that the language used by George A. Faust shows a purpose to declare a trust attaching to the legal title. He simply conveyed the land to the children of John C. Faust in consideration of the promise of the son to pay his sister, the plaintiff, $500. We do not perceive any intention to make the children grantees trustees for the purpose of securing the performance of the promise made by their father. The declarations, when competent for that purpose, must clearly indicate an intention to attach to the legal title, at the time it passes to the grantee, a trust, the terms of which should be sufficiently definite to enable the Court to enforce its execution. To this effect are all of the cases. *Smiley v. Pearce,* 98 N. C., 185; *Pittman v. Pittman,* 107 N. C., 159; *Sykes v. Boone,* 132 N. C., 199; *Avery v. Stewart,* 136 N. C., 426. In these cases the authorities are so fully and exhaustively discussed and the doctrine of parol trusts, in all of its phases, so clearly defined, that we would be but repeating what is there so well said to do more than refer to them. As the judgment of nonsuit is based upon the conclusion that in no aspect of the allegations and proof is the plaintiff entitled to any relief, we have deemed it our duty to examine the entire record, to the end that we might say whether any cause of action is alleged or proven entitling the plaintiff to any relief. While, for the reasons stated, we do not think she is entitled to have the specific relief demanded or the issue answered in her favor, we are of the opinion that, upon her allegations and the testimony of the witness Saunders, she is entitled to judgment against the defendant John C. Faust for the sum of $500 unless her action is barred by the statute of limitations. The testimony shows that the deed was made to the children of John

C. Faust, without any consideration moving from them, but in consideration of the promise of their father to pay to the plaintiff the sum of $500. While the recital of a consideration paid by the grantee in a deed of conveyance is evidence of its truth, it is not conclusive. "It was formerly held, although there was much conflict of opinion, that the clause stating the consideration in a deed or other instrument under seal must be held conclusive on the parties like other parts of the instruments and was not open to contradiction or explanation, but the more modern decisions settle the rule that although the consideration expressed in a sealed instrument is *prima facie* the sum paid, or to be paid, it may still be shown by the parties that the real consideration is different from that expressed in the written instrument. Accordingly, it is held, by an uncounted multitude of authorities, that the true consideration of a deed of conveyance may always be inquired into and shown by parol evidence." 16 Cyc., 653. The course of the decisions of this Court is set forth with care and ability by *Shepherd, J.,* in *Barbee. v. Barbee,* 108 N. C., 581; *Kendrick v. Insurance Co.,* 124 N. C., 315; *Deaver v. Deaver,* 137 N. C., 240.

It was, therefore, competent for the plaintiff to show that, in truth, the sum of $500 recited in the deed was not paid to George A. Faust, but was to be paid to the plaintiff. It was held in *Sprague v. Bond,* 108 N. C., 382, that while such an agreement constitutes no trust nor passes any interest in the land itself, it entitles the party who is to receive the purchase-money to sue for the amount. Formerly the suit would have been in the name of the grantor to the use of the party who was to receive the purchase-money, but under our Code system the real party in interest may sue on a contract made for his benefit. If the fact be found as testified by the witness Saunders, we can see no valid reason why the plaintiff

has not a right of action *in personam* against her brother for the amount which he promised his father to pay in consideration of his children receiving the title to the land. It is immaterial that the deed was made to the children instead of directly to him. The conveyance of the land to them was a sufficient consideration to support his promise to his father. The conveyance by the children of the same land to the defendant John C. Faust within a short time strongly tends to support the plaintiff's view of the transaction. Is the plaintiff barred by the statute of limitations? The transaction being subsequent to the Act of 1899, removing the disability from married women, her coverture does not prevent the operation of the statute. Her ignorance of her rights does not protect them. There is no evidence of fraud or mistake. When did her right to sue accrue? Defendant said that he was to pay the amount as he made it out of the land. It may be that while her right to the money arose out of the contract that her right to demand it was postponed until her brother made it out of the land—until, either by cultivation or rents, he realized the amount. Again, it may be suggested that her right to sue accrued when she became a party to the contract by demanding the amount. The question is not free from difficulty, and we forbear expressing any opinion in the present state of the record. We are of the opinion, as the motion to nonsuit admitted the truth of the testimony, with inferences most favorable to plaintiff, it developed, against defendant John C. Faust, a cause of action for the sum of $500. Other interesting questions, which may arise if she obtains a judgment, suggest themselves. We simply order a new trial to the end that the parties may proceed as they may be advised.

New Trial.