H. GLENN HALL v. PIEDMONT ELECTRIC AND RAILWAY COMPANY.

(Filed 1 November, 1916.)

**Appeal and Error—Trials—Instructions—Issues—Harmless Error.**

> Where contributory negligence is pleaded in an action to recover damages for a personal injury, with evidence tending to support it, it is the better practice to submit to the jury a separate issue thereon, especially if the trial is an extended and involved one; but where this does not exist, a proper instruction under the issue of negligence as to the law of contributory negligence will not be held for error, certainly not to the defendant's prejudice, when the burden is placed upon the plaintiff by reference to that issue.

CIVIL ACTION to recover damages for alleged negligent killing of plaintiff's horse, tried before *Devin, J.,* and a jury, at May Term, 1916, of ALAMANCE.

The cause was before this Court at Fall Term, 1914, on appeal from a judgment of nonsuit (167 N. C., 284), and this judgment having been reversed and decision certified down, was tried at said May term on the following issues:

1. Was plaintiff's horse injured by the negligence of defendant, as alleged in the complaint?

2. What damage, if any, is plaintiff entitled to recover?

There was verdict for plaintiff. Judgment on the verdict. Defendant excepted and appealed, assigning for error chiefly that his Honor declined to submit an issue as to contributory negligence.

*W. H. Carroll for plaintiff.*
*E. S. Parker for defendant.*

HOKE, J. The evidence on the part of plaintiff tended to show that in October, 1912, plaintiff was on his horse on Front Street in Burlington, N. C., when it became restive at the approach of the car on defendant's track; that plaintiff dismounted, holding the rein, and the horse commenced backing towards the track, giving full indication that it was beyond plaintiff's control and that a collision was likely; that the car was some 250 feet away when the horse commenced backing, and could have been readily stopped, but defendant's operators, though in full view, made no effort to stop or slow down; the horse backed on the track and the car ran on it, breaking its leg, and it had to be killed.

The evidence of defendant tended to show that the horse, though restive, had given no sign of backing on or towards the track, and the front of the car had passed in safety when the horse suddenly backed into the car, causing the collision and resultant injury.

These two views were fully presented in his Honor's charge, and, the jury having accepted the plaintiff's version, an actionable wrong was clearly established.

There is very little place here for the position that the negligent conduct of plaintiff contributed to the injury, the facts in evidence presenting rather a case involving the doctrine of the last clear chance. See opinion on former appeal, 167 N. C., pp. 284-286, citing *Bullock v. R. R.,* 105 N. C., 180; *Snipes v. Mfg. Co.,* 152 N. C., 42. But if such a defense was permissible on the evidence, every phase of the testimony bearing on it was embodied in a prayer for instructions offered by defendant and which was given by the court, as follows:

"If you find from the evidence in this case that the plaintiff, with the horse, which he knew or had cause to know would become frightened at a street car, carelessly took and kept the same upon a street where a car was likely to pass, and sat sideways upon it with the rein around his hands so that he could not readily loosen the horse, and that the car came, and that the plaintiff could see that the horse was becoming frightened, and did not attempt to lead the horse away from the track, but continued to keep it near the track, so that the horse backed and ran into the side of the car as the car passed and was injured, then I charge you to answer the first issue 'No.'"

The defendant here was given the full benefit of such a defense, and this, too, on an issue where the burden was on the plaintiff, and the failure to present the position on an issue of contributory negligence may not be held for error. *Moseley v. Johnson,* 144 N. C., pp. 257-263; *Ruffin v. R. R.,* 142 N. C., 120; *Wilson v. Cotton Mills,* 140 N. C., pp. 52-56; *Deaver v. Deaver,* 137 N. C., 241.

In *Ruffin's case* the Court held: "While it is the better practice to submit an issue in regard to contributory negligence, when pleaded and there is evidence to sustain the plea, the omission to submit the issue is not reversible error, where the court fully explained to the jury the several phases of the testimony relied upon to show contributory negligence, and it was apparent that the defendant had been given the benefit of such testimony, with its application."

And in *Deaver's case:* "It is not material in what form issues are submitted to the jury, provided they are germane to the subject of the controversy and each party has a fair opportunity to present his version of the facts and his view of the law."

As said in *Ruffin's case, supra,* where contributory negligence has been pleaded and there is testimony tending to support it, it is better to submit the issue, and it may be that in an extended and complicated trial, if it should be made to appear that a failure to submit such an

issue has likely tended to prevent a clear apprehension of the facts on the part of the jury, it might be considered reversible error; but in a case like the present, where the facts are circumscribed and simple and it is clear that no injury has been done to the litigant, the view having been fully presented under the first issue, the objection, as shown by the authorities cited, should not be considered reversible error, and the results of the trial will not for that reason be disturbed.

The judgment is, therefore, affirmed.

No error.