## SANSOM *v.* CORNELISON.

No. 7781. November 11, 1930.

*Carter Pittman,* for plaintiff.  *J. A. McFarland,* for defendant.
Beck, P. J.  Clyde Sansom brought his equitable petition against Odell Cornelison, in which petition it was alleged that defendant holds in trust for plaintiff certain property, which he

refuses to turn over to plaintiff although the trust has become executed; and more particularly alleges the facts hereinafter stated. In the year 1918 petitioner's father, W. F. Sansom, died intestate at the home of the defendant, leaving as his sole heirs his widow, Carrie Sansom, the mother of petitioner, and petitioner, then aged 13 years. The father and mother had been living apart for several years, but no legal separation or divorce had been had between them. Defendant Cornelison married Lorrena Sansom, the sister of W. F. Sansom, and with them lived Lorrena's mother and W. F. Sansom, the deceased. At the time of his death Sansom possessed certain "personal belongings" and $700 in cash. An administrator was appointed on the estate of W. F. Sansom, and the defendant and his wife, who had taken charge of his property, turned over to the administrator all the property except the $700 in cash, and concealed from the administrator the existence of this money. After paying debts and distributing what came into his hands, the administrator was discharged. When W. F. Sansom died in Whitfield County his wife was residing in Atlanta, Georgia; and his brother-in-law, the defendant, and his wife took complete charge of his affairs, but they advised with the deceased's mother and sister and brother as to the proper manner of handling the $700 in money, with a view to preventing the estranged wife from acquiring any part of it and preserving all of it for petitioner when he became of age, and it was agreed among them that defendant and his wife, in whom all had great confidence, should keep the money in trust and invest or deposit it for petitioner and then turn the same over to him when he became of age. Defendant and his wife did retain the money, and afterwards converted it to defendant's use by paying out the same in purchase of certain described real estate, to which he took a deed. Since purchasing this land defendant has sold a part of same, but now owns the balance. Petitioner shows that defendant built and now lives in a house on this land; that his wife, Lorenna Cornelison, has been dead for several years, and defendant has remarried. Upon becoming 21 years of age, at which time Lorenna was no longer in life, petitioner asked defendant for the $700 with interest, and defendant failed and refused to turn the same over to him. Upon the death of his wife, Lorrena, defendant took charge of the trust fund exclusively and of the property in which the same was invested, and petitioner's mother

has assigned and quitclaimed to petitioner whatever claim she might have to said fund. Defendant owns no property except that described in the petition as being the property in which this alleged trust fund was invested; and petitioner shows that unless defendant is enjoined, he will seek to convey away this property, leaving petitioner with no adequate remedy at law. The prayers of the petition are, for injunction; that the land described as belonging to the defendant be impressed with a trust, and by a suitable decree ordered sold "to discharge said trust indebtedness;" that petitioner have judgment against the defendant for $700, together with interest; and for general relief.

Subsequently an amendment to the petition was offered and ordered filed; and to this amendment the defendant filed a demurrer, which upon hearing was sustained by the court and the amendment stricken; and upon hearing the general demurrer to the original petition was also sustained. To these rulings the plaintiff excepted.

■ We are of the opinion that the general demurrer to the petition was properly sustained. It is apparent that no trust, express or implied, had been created in favor of the petitioner. The defendant at the time of the death of the plaintiff's father had, besides other personal property, some $700 of money in his hands. It was the duty of the administrator of the estate of the deceased father of the plaintiff to sue for this money and recover it, and a failure upon his part to do so would render him and the sureties upon his bond liable, unless the party having the $700 was insolvent and it could not be recovered by suit. There are none of the elements of a trust shown by the petition. The parties alleged to have in their possession the $700 were of course in duty bound to turn it over to the administrator. The agreement by the mother of the deceased father of plaintiff that the defendant and his wife should keep this money in trust for the plaintiff did not create a trust. The mother thus agreeing with the defendant had no interest in the money. She could not create a trust. There being no elements of trust shown, no cause of action was stated in the original petition, and it was properly dismissed upon general demurrer.

■ By the amendment the plaintiff sought to recover against the defendant as an executor de son tort. This amendment was

open to attack by general demurrer. In the first place, there was nothing in the original petition to amend by, as it stated no cause of action whatever; and in the second place, the amendment added a new and distinct cause of action, which could not be done.

*Judgment affirmed. All the Justices concur.*