HENDRIX *et al. v.* DeLOACH *et al.*

No. 7934. JANUARY 16, 1931.

W. C. *Hodges,* for plaintiffs.

R. H. *Burroughs* and P. M. *Anderson,* for defendants.

RUSSELL, C. J.. A petition for injunction, etc., was filed by Mrs. Ann Jane Groover (formerly Beasley) and three of her living children by her former husband, and the representatives of three of her children of her former husband who were deceased, against Mrs. Avus Groover DeLoach and Mrs. Selina Anderson (the two children of Mrs. Ann Jane Groover by her last husband), alleging as follows: Petitioner, Mrs. Ann Jane Groover (then Beasley), on April 5, 1888, by the judgment of the ordinary of Bulloch County, confirming an award of appraisers appointed to set apart a year's support to herself and her six minor children, was given, among other things, "100 acres of land, more or less, known as the homestead, valued at $250." Reference is made to the record of the judgment of the ordinary of Bulloch County, and attached as an exhibit is a survey purporting to have been made by W. M. Shepard, surveyor, showing that the tract contained 153 acres instead of 100 acres of land. Since the date of the judgment confirming said award the petitioners have been in full possession of said 153 acres. Recently the defendants through their employees have entered and cut portions of the timber on said land. Petitioners demanded that they desist from said cutting, but defendants continued to cut trees and timber from said land, and they threaten to continue such cutting. Mrs. Avus DeLoach has moved upon the property above referred to, is occupying the dwelling, and she and the other defendant have built certain fences thereon. Neither of said defendants has any right or title to said premises, and their actions are acts of trespass. Plaintiffs prayed for injunction, for decree ousting defendants and vesting the premises in petitioners, and for judgment in damages.

The defendants answered, denying having committed any of the acts complained of as to the 100 acres of land set apart as a year's support; and alleging that the tract set apart as a year's support contained but 100 acres of land; that defendants have never claimed any interest in the 100 acres of land so set apart; that they own 53 acres of land adjoining said 100-acre tract, the same having been conveyed to defendants by their mother, Mrs. Ann Jane Groover, by deed dated February 8, 1927, and recorded on March 12, 1927; that said tract of land was conveyed to their mother by David Beasley on August 24, 1891, by deed recorded in Bulloch County on December 16, 1891; that their mother held said land continuously under said deed from its execution until she conveyed it to them; that their mother has been in open, notorious, peaceable, quiet, and adverse possession of said land for more than 35 years, and petitioners knew she was so claiming it, that while defendants' deed to said 53 acres of land stated as a consideration $2 and love and affection, there was in fact the further consideration that the defendants were to take care of grantor during the remainder of her natural life, giving her such attention and support as she might call on them for, and this was the main consideration of said deed; and that the defendants, and especially Mrs. Avus DeLoach, did take care of and look after grantor according to the terms of the understanding between them, giving her all aid and support called for by the grantor.

At the trial it was admitted that the plaintiffs were the owners of such property as was included in the year's support. The plaintiffs introduced in evidence the award of the appraisers, also plat of the survey referred to in the petition.

The defendants introduced a deed from Mrs. Ann Jane Groover to Mrs. Avus DeLoach and Mrs. Selina Anderson, dated February 8, 1927, reciting consideration of love and affection and $2, and conveying "all that tract or parcel of land lying and being in 1738 district G. M., Evans County, State of Georgia, containing fifty-three (53) acres, more or less, and bounded as follows: on the north by lands of J. J. Whitten, east by lands of Mrs. Ann Jane Groover, south by lands of W. L. Lewis, thick creek being a part of the southern boundary line, and west by lands of J. J. Whitten. This is the same tract of land David Beasley conveyed to Ann Jane Beasley (who is now grantor) by deed dated August 24th, 1891, and

recorded·in deed book T on pages 123-124 in the office of the clerk superior court of Bulloch County; Georgia. This tract joins the tract of one hundred acres, more or less, that David Beasley conveyed to William I. Beasley (former husband of Mrs. Ann Jane Groover) by deed dated August 26th, 1877, and recorded in Deed 'P' on pages 252-253, in the office of the clerk of the superior court of Bulloch County, Georgia. The line between these two tracts of land is to be established by surveyed plat made and attached hereto." The plat referred to, attached to the deed, shows a 53-acre tract of land off the west side of the 153-acre tract of land shown on map introduced by plaintiffs. Neither the deed from David Beasley to William I. Beasley nor the deed from David Beasley to Mrs. Ann Jane Beasley was introduced in evidence; but it appears from the description of land conveyed in the deed from Mrs. Ann Jane Groover to Mrs. Avus DeLoach and Mrs. Selina Anderson (this description referring to both of said deeds) that the deed from David Beasley to William I. Beasley was dated August 16, 1877, and the deed from David Beasley to Mrs. Ann Jane Beasley was dated August 24, 1891, more than three years after the date of the judgment of the ordinary confirming an award to Mrs. Ann Jane Beasley of what is described as "100 acres of land, more or less, known as the homestead, valued at $250."

Evidence was introduced by the plaintiffs tending to show that the entire tract of 153 acres was considered to be the homestead land of William I. Beasley and used for the support of the beneficiaries of the homestead ever since the death of William I. Beasley; and that the deed from Mrs. Ann Jane Groover to Mrs. DeLoach and Mrs. Anderson was in fact a deed of gift, and not a deed based on an agreement to provide support to the grantor, as contended by the defendants. The defendants introduced evidence tending to show that the agreement of the grantees to look after her and care for her was the real consideration of the deed, and that defendants, particularly Mrs. DeLoach, carried out this agreement. The evidence of the plaintiffs tended to show that they also contributed to the taking care of their mother.

The jury returned a verdict in favor of the defendants. The plaintiffs' motion for a new trial, upon the general grounds only, was overruled, and they excepted.

It appears by the evidence (the admissibility of which was

unchallenged by objection) that one of the plaintiffs, Mrs. Ann Jane Groover, who before her marriage was Ann Jane Proctor, before her second marriage had been the wife of William I. Beasley, and had set apart to her as the widow of William I. Beasley, and to the remaining plaintiffs, his six children, a year's support. The date of the judgment of the court of ordinary approving the return of the commissioners was April 5, 1888. In the report of the commissioners setting apart the year's support are embraced two tracts of land, one a one-third interest in 395 acres of land of the value of .$200 (which need not be considered, because it is not involved in this case), and the other tract of Beasley land is described as 100 acres of land, more or less, valued at $250, and the title of this is the matter at issue between the parties in the present case. The original plaintiffs in the proceeding were the widow and six children of William I. Beasley, and the defendants were the two children of the same mother by a later marriage to G. C. Groover. The subject of the controversy is 53 acres of land which the Beasley children claim as a part of the "100 acres of land, more or less," that was set apart as a year's support to their mother and themselves, but which the Groover children contend was never a portion of the year's support. They rely for title upon a deed executed by their mother, Ann Jane Groover, in her own right; and in support of this contention they say that their mother derived title, not from the estate of William I. Beasley, her former husband, but under a deed executed by Mrs. Groover's father-in-law, David Beasley, to her. It appears from the evidence that the defendants conceded that they had no interest in the 100-acre tract set apart from the estate of William I. Beasley, and agreed that this 100 acres was the property of the children of William I. Beasley and the administrator of Mrs. Groover's estate. They contended that their half brothers and sisters had no interest whatever in the 53 acres of land which had been given by David Beasley to their mother, Mrs. Groover, and in turn conveyed by her to them. Much evidence was introduced upon the issue. As appears from the statement of facts, the written consideration of the deed was the sum of $2 and natural love and affection. The defendants introduced much evidence to show that the true consideration of the deed was an obligation upon their part to wait on, nurse, attend to, and support their mother the remainder of her

life. The evidence would have authorized a jury to find that such an agreement was made, and that if it was made it had been fully performed in services rendered to their mother in sicknesses before and at the time of her dissolution. This testimony the jury had a right to believe in preference to that introduced in behalf of the plaintiffs tending to disprove the contentions of the defendants. The motion for a new trial is based only on the general grounds. The same view as to the prerogative of the jury is presented in the evidence as to whether the 53 acres was or was not a part of the original tract of land set apart as a year's support in 1888, rather than a separate tract of 53 acres as described in the deed from David Beasley to. Mrs. Groover, executed three years later, in 1891. But as to this there were many circumstances which tended to show that it was not the intention of the appraisers to set apart the entire 153 acres which William I. Beasley was accustomed to call the homestead, and no testimony that showed how or from whom he derived title to the 100 acres. That David Beasley originally owned the 53 acres, and perhaps even the 100 acres, is shown by the evidence. It would seem that he had the right to give it to Mrs. Groover, if he so desired, and that he did so convey it to her; and this entitled Mrs. Groover to the absolute ownership of the 53 acres, and left as the sole issue in the case the question as to whether the deed executed by her to her Groover children, to the exclusion of her Beasley children, was induced by weakness of mind, undue influence, fraud, or other element which might invalidate the instrument. Whether the jury found that the real consideration moving Mrs. Groover to the execution of the deed was the contract to which we have alluded as having been fully performed, or a mere voluntary deed, the jury had a right to uphold the writing in this case; and the verdict being approved by the trial judge, and there being no complaint of any errors of law, the judgment overruling the motion for a new trial can not be set aside.

*Judgment affirmed. All the Justices concur.*