CORNELISON *v.* SANSOM, administrator.

No. 8616.   AUGUST 16, 1932.

*J. A. McFarland,* for plaintiff in error.   *R. C. Pittman,* contra.

BECK, P. J.   Clyde Sansom as administrator de bonis non of the estate of W. F. Sansom, deceased, brought suit against Odell Cornelison, alleging that W. F. Sansom died intestate, leaving as heirs his widow, Carrie A. Sansom, and Clyde Sansom, the plaintiff, who was then 13 years of age.   The defendant was the husband of Lorena Sansom Cornelison, who was a sister of W. F. Sansom. The petition set forth that at the time of W. F. Sansom's death he and his wife were estranged, having lived apart for several years,

without either procuring a divorce. Carrie A. Sansom was living in Atlanta. When W. F. Sansom died in Whitfield County, Odell Cornelison took charge of the affairs of the deceased, but advised with deceased's mother and G. T. Sansom, a brother of the deceased, and Lorena Sansom Cornelison, defendant's wife, as to the proper manner of handling $700 in money left by the deceased, with a view to preventing the estranged wife of the deceased from acquiring any part of it and preserving all of the money for Clyde Sansom to be turned over to him when he became of age; and it was agreed among the parties that the defendant and his wife, in whom all parties had great confidence, should keep the money and hold the same in trust for Clyde Sansom, to be turned over to him with all accrued interest or earnings when he should become 21 years of age. The parties concealed from W. M. Sapp, administrator, the existence of the $700 in cash, and failed to turn over the money to Sapp; in consequence of which no administration has ever been had upon this portion of the estate of deceased. Clyde Sansom knew very little about the condition and affairs of his father's estate until about the time he became of age, when he was informed by his uncle, G. T. Sansom, that $700 was being held for him by the defendant. His aunt, Lorena Sansom Cornelison, had died, and the defendant had remarried a person of no relation to Clyde Sansom. The grandmother of Clyde Sansom was then deceased. Upon becoming 21 years of age Clyde Sansom asked the defendant for the $700 and interest, and the defendant failed and refused to pay the same over to him or any part thereof. Subsequently Clyde Sansom obtained from his mother an assignment of whatever right, title, and interest she might have in the $700, and the income therefrom, and again made demand upon the defendant for the money, which was again refused; whereupon Clyde Sansom was required to procure letters of administration of his father's estate in order to bring this suit to recover what was rightfully his. It is alleged that the defendant took the $700 and converted it to his own use; and the plaintiff is informed that the $700 was invested in the purchase by defendant of certain described lands. The plaintiff prayed for judgment for $700 with interest, and for injunction to restrain the defendant from conveying or encumbering the land referred to.

The defendant filed a general demurrer on the ground that the petition set forth no cause of action against the defendant, and that

under the facts alleged the plaintiff's demand was barred by the statute of limitations. The court overruled the demurrer, and the defendant excepted.

■■ The court erred in overruling the demurrer. Section 4376 of the Civil Code reads as follows: "The time between the death of a person and representation taken upon his estate, or between the termination of one administration and the commencement of another, shall not be counted against his estate, provided such time does not exceed five years; but at the expiration of that time the limitation shall commence, though the cause of action accrued after his death." And section 4377 is in the following language: "The time between the death of a person and representation taken upon his estate, or between the termination of one administration and the commencement of another, shall not be counted against creditors of his estate, provided such time does not exceed five years; at the expiration of that time the limitation shall commence." The petition here was not filed until March 17, 1931, and no reason is shown why the action was not or could not have been brought within four years after the period of five years which is not to be counted against an unrepresented estate, under § 4376 above quoted. In *Morgan* v. *Woods,* 69 *Ga.* 599, this court said: "Five years are allowed before the statute of limitations begins to run against an unrepresented estate; after that time the statute runs against it as in ordinary cases. . . Where a minor claims through an estate, the bar of the statute of limitations will apply to him when the estate or its legal representative is barred." Under the statute and the decision quoted, this suit by the administrator for the $700 is barred.

■ Nor can the suit be maintained as one to recover a trust fund. In *Sansom* v. *Cornelison,* 171 *Ga.* 427 (155 S. E. 764), a suit between the same parties as those in this case, it was alleged that the defendant held in trust for the plaintiff certain property which he refused to turn over to plaintiff, although the trust had become executed; and following this allegation in the petition in that case is a statement of facts, which are substantially the same as those relating to the alleged trust in the instant case; and this court in passing upon that case held that the general demurrer to the petition was properly sustained, the court saying: "It is apparent that no trust, express or implied, had been created in favor of the petitioner.

The defendant at the time of the death of the plaintiff's father had, besides other personal property, some $700 of money in his hands. It was the duty of the administrator of the estate of the deceased father of the plaintiff to sue for this money and recover it, and a failure upon his part to do so would render him and the sureties upon his bond liable, unless the party having the $700 was insolvent and it could not be recovered by suit. There are none of the elements of a trust shown by the petition. The parties alleged to have in their possession the $700 were of course in duty bound to turn it over to the administrator. The agreement by the mother of the deceased father of plaintiff that the defendant and his wife should keep this money in trust for the plaintiff did not create a trust. The mother thus agreeing with the defendant had no interest in the money. She could not create a trust. There being no elements of trust shown, no cause of action was stated in the original petition, and it was properly dismissed upon general demurrer."

Judgment reversed. All the Justices concur.