REMUS WALLACE v. ZEB V. WALLACE ET AL.

(Filed 4 November, 1936.)

**1. Estoppel B a—**

Where a party announces in open court that he is not attacking the validity of the mortgage involved in the action, but will rely solely upon his contention of payment, he is bound by the admission, and judgment in his favor declaring the mortgage void is error.

**2. Mortgages A a: Guardian and Ward D a—**

Since title is deemed to be in the ward when a guardian takes a deed or mortgage for the ward, whether a mortgage executed by an individual to himself as guardian is void for want of proper parties, *quære.*

APPEAL by plaintiff from *Grady, J.,* at February Term, 1936, of LENOIR.

Civil action to recover on promissory note and to foreclose mortgage. The facts are these:

1. On 1 July, 1925, Zeb V. Wallace and wife executed to "Zeb V. Wallace, Guardian of Remus Wallace," note in the sum of $834.00, due in six months, and to secure the payment of same, executed and registered mortgage on 100 acres of land situate in Lenoir County. The relation between said guardian and ward was that of father and son.

2. On 24 September, 1927, when Remus Wallace became of age, he had a settlement with his guardian, and the same was duly recorded in the clerk's office—said note and mortgage being turned over to Remus Wallace—and reciting: "This settlement is made in part by notes now in my possession."

3. Thereafter, on 4 March, 1929, and again on 25 July, 1930, Zeb V. Wallace and wife executed notes, secured by deeds of trust on said land, to C. A. Broadway.

4. In this action to recover on the guardian's note of $834.00 and to foreclose mortgage given as security therefor, the defendant C. A. Broadway pleads the settlement between the plaintiff and his guardian *as payment,* and "announced, in open court, that he was not attacking the validity of the note or lien, but that he was only taking the position that the indebtedness had been paid and that the lien should be canceled because of the payment of the indebtedness."

5. The court held as a matter of law that the mortgage given to secure the guardian's note was void, "basing his conclusion, in part, upon the case of *Gorham v. Meacham,* 63 Vt., 231, which holds specifically that a mortgage deed made by a man to himself as 'Executor of A. W. Gorham's Estate' is absolutely void."

6. Verdict and judgment upon plaintiff's note, as against the makers, without security, from which the plaintiff appeals, assigning errors.

*Jesse A. Jones for plaintiff, appellant.*

*John G. Dawson and Rouse & Rouse for defendant Broadway, appellee.*

STACY, C. J. The jury found against the defendant Broadway upon his plea of payment. He announced in open court that he was not attacking the validity of plaintiff's lien. Nevertheless, the court held as a matter of law that plaintiff's mortgage was void, for want of proper parties, under authority of *Gorham v. Meacham,* 63 Vt., 231, 22 Atl., 572, 13 L. R. A., 676. The conclusion is a *non sequitur. Small v. Small,* 74 N. C., 16; *Younce v. McBride,* 68 N. C., 532.

In the first place, the validity of plaintiff's mortgage is not assailed on the present record; and in the next place, the authority cited has reference to a mortgage executed by one to himself as "executor," not as "guardian." The rule is, that where a guardian takes a deed or mortgage for his ward, the title is regarded as being in the ward, rather than in the guardian, *Small v. Small, supra,* 12 R. C. L., 1123, 28 C. J., 1155, while a different rule may prevail as to an executor or administrator. 11 R. C. L., 152, *et seq.* But, however this may be, the validity of plaintiff's mortgage is not challenged by the defendant. He specifically refused to do so on the trial, and we think he should be held to his plea and admission, or election, thus deliberately made. *Reed v. Reed,* 93 N. C., 462.

New trial.