EUNICE RANDLE, BY HER NEXT FRIEND, CLAUDE L. LOVE, v. DON B. GRADY AND WIFE, MARY M. GRADY.

(Filed 22 November, 1944.)

**1. Deeds § 4—**

In the purchase of land the recital, acknowledging receipt of a consideration in the deed therefor, is *prima facie* evidence of that fact and is presumed to be correct.

**2. Trusts § 1a—**

A person who has no title or interest in property can create no trust therein.

**3. Deeds § 8—**

A purchaser of real estate is charged with notice of the contents of each recorded instrument constituting a link in his chain of title and is put on notice of any fact or circumstance affecting his title which any such instrument would reasonably disclose.

**4. Trusts § 15—**

Where a person *in loco parentis* purchases land with consideration furnished by a child, a resulting trust arises *pro tanto*.   No agreement by

the parties can destroy the effect of the legal presumption that the estate is held in trust.

**5. Trusts §§ 17, 18c—**

> Where the mother of a minor holds money in bank and other personal property in her own name as trustee for said minor, without authority of law, and with such property as part payment purchases personalty and real estate, taking title in her own name as trustee for such minor, the deed reciting that the mother as such trustee is given complete control and power over the property purchased, in her discretion, to sell, mortgage and convey the same in such manner and for such purpose as the mother may deem best, she being the sole judge, and at the same time the mother as trustee for the minor gives notes and a deed of trust on ·the property to secure a large part of the purchase price, which deed of trust is foreclosed and all of the property lost, on suit by the minor's next friend against the purchasers of the said notes, who had secured the entire property from the purchaser at the foreclosure sale, alleging fraud and the evidence tending to show the foregoing facts, a cause of action is stated, and motion for nonsuit should have been denied.

SCHENCK, J., dissenting.

APPEAL by plaintiff from *Pless, J.,* at June Term, 1944, of HENDER-SON.

Civil action for recovery of land and personal property, and of rents and profits therefrom.

Plaintiff in her complaint summarily stated makes these allegations:·

1. That on 13 July, 1936, the plaintiff Eunice Randle, minor, was the owner of personal property in Henderson County, North Carolina, aggregating more than $3,000.00, some of which being money on deposit in the State Trust Company, a bank in Hendersonville, in the name of Eunice Rosalyn Randle, minor, by Mrs. Helen G. Randle, Trustee—the title of trustee being self-assumed by the said Helen G. Randle without authority of law.

2. That on said date Helen G. Randle, acting in her self-assumed title of trustee for plaintiff, the said Eunice R. Randle, minor, wrongfully and without authority of court, or otherwise, attempted to invest the said personal property of said minor in the purchase of real and personal property known as the Crystal Springs Manor in the town of Laurel Park in Henderson County, N. C., and paid $3,000.00 of the funds of said minor, taking therefor a conveyance from W. B. Hodges and wife to "Helen G. Randle, Trustee for Eunice R. Randle, minor"; and, that, likewise without any authority as provided by the laws of North Carolina, Helen G. Randle, in the capacity of, and under self-assumed title of trustee for Eunice R. Randle, minor, attempted to execute to O. B. Crowell, Trustee, a deed of trust for the benefit of

bearer or bearers of certain described notes in the sum of $12,000.00 secured by the real and personal property described in the conveyance from W. B. Hodges and wife as above set forth, which is referred to for attack.

3. That thereafter in the month of September, 1938, defendant Don B. Grady, acting for himself and his wife, and co-defendant Mary M. Grady, with knowledge of the facts hereinabove stated, purchased from W. B. Hodges the said "unlawful and fraudulent" notes made payable to bearer, and said deed of trust unlawfully executed to secure the same, and had the same transferred to defendant Mary M. Grady, and thereafter in February, 1939, defendants, with full knowledge of the facts aforesaid, wrongfully and unlawfully procured the advertisement for sale and sale of said land and personal property by O. B. Crowell, Trustee, when defendants had said property bid off in name of Mrs. Darline Chamison and deed therefor made to her, in all of which she acted for defendants, and that thereafter Mrs. Darline Chamison and husband conveyed said land and personal property to defendants by deed duly registered, said deeds being referred to for purpose of attack.

4. That by reason of the wrongful and unlawful acts hereinabove stated actively participated in by defendants and fully known to them, plaintiff has been deprived of her rightful ownership and possession of said land and personal property and defendants are now wrongfully and unlawfully claiming title to said property and are in the wrongful and unlawful possession of same.

5. That the reasonable annual rental value of said property is $3,500.00, and that plaintiff is entitled to recover therefor the sum of $14,000.00.

Whereupon plaintiff prays that she be declared the owner, and entitled to the immediate possession of said land and personal property and that she recover for rents and profits as alleged.

Defendants, in answer filed, admit the allegations of complaint as to (1) execution of deed from W. B. Hodges and wife to Helen G. Randle, Trustee for Eunice R. Randle, minor, (2) execution of deed of trust from Helen G. Randle, Trustee for Eunice R. Randle, minor, to O. B. Crowell, Trustee, and the notes secured thereby, (3) the purchase by defendants of the notes and deed of trust from W. B. Hodges, and the transfer thereof to defendant, Mary M. Grady, (4) the foreclosure sale by O. B. Crowell, Trustee, and bid by Mrs. Darline Chamison for, and at request of defendants, and (5) the subsequent execution of deed by Mrs. Chamison and her husband to defendants, but deny any wrongdoing, and all other allegations of the complaint. Defendants in further answer and defense aver upon information and belief that at the times mentioned in the complaint Helen G. Randle was the mother and natural

guardian of plaintiff, Eunice R. Randle, and other averments not necessary to decision on this appeal.

On the trial in Superior Court, plaintiff offered in evidence (1) the admissions in answer of defendants as above set forth; (2) the deed from W. B. Hodges and wife of the first part, to Helen G. Randle, Trustee for Eunice R. Randle, minor, of the second part, pertinent parts of which are as follows:

"This indenture . . .

"WITNESSETH: In Trust for Eunice R. Randle, minor child of the said Helen G. Randle, with power to the said Helen G. Randle, Trustee, to manage and control, convey, mortgage, lease, and otherwise control the land herein conveyed, and every part thereof, for the benefit of the said Eunice R. Randle, so long as the said Helen G. Randle, Trustee, shall live, unless said Trusteeship shall be otherwise terminated. The said Helen G. Randle, Trustee, shall have the right to use said land or any part or parts of it, or cause the same to be used, for such purpose and in such manner as she may deem best, and to apply the rents, profits, or the proceeds from any sale or trade, if any, for the benefit of the said Eunice R. Randle, and the said Helen G. Randle, Trustee, shall be the sole judge as to the manner in which the property should be used or as to the terms of any sale, trade, lease, or management of the property.

"WITNESSETH, That the said parties of the first part, for and in consideration of the sum of Ten Dollars and other considerations in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have bargained and sold, etc."; (3) the deed of trust from Helen G. Randle, Trustee for Eunice R. Randle, minor, to O. B. Crowell, Trustee, and the foreclosure deed from O. B. Crowell, Trustee, to Mrs. Darline Chamison, and deed from Mrs. Chamison and husband to defendants, all for purpose of attack; (4) oral testimony that the records of the 1936 bank account of Eunice Rosalyn Randle, minor, by Mrs. Helen G. Randle, Trustee, in State Trust Company, of which W. B. Hodges was then and is now President, are lost, and (5) admissions tending to show that $3,000.00 cash was "paid on said property" on date of purchase, and other amounts, part principal and part interest, amounting to $1,520.00 on other dates, and that the records of State Trust Bank, of Hendersonville, showed account in name of Eunice Rosalyn Randle, minor, by Mrs. Helen G. Randle, Trustee, 1 July, 1936, in sum of $1,173.32, and deposits in various sums in said account during July, August, September and October, 1936—the largest amount in said account at one time being $2,006.17 on 28 September, 1936.

Motion of defendants for judgment as in case of nonsuit at close of evidence for plaintiff was allowed, and judgment was accordingly entered.

---

RANDLE *v.* GRADY.

---

Plaintiff appeals therefrom to Supreme Court and assigns error.

*Don C. Young for plaintiff.*
*R. L. Whitmire for defendants.*

WINBORNE, J.   Is the evidence offered by plaintiff sufficient to take the case to the jury?   The answer is Yes, for these reasons:

1. In the deed from W. B. Hodges and wife, of the first part, to "Helen G. Randle, Trustee for Eunice R. Randle, minor," the recital of consideration "paid by the party of the second part" is *prima facie* evidence that the consideration paid was the property of the minor for whom Helen G. Randle purported to act as trustee.   The consideration for a deed moves from the grantee to the grantor.   And decisions of this Court are uniform in holding that in the purchase of land the recital acknowledging receipt of consideration contained in the deed therefor is *prima facie* evidence of that fact and is presumed to be correct.   *Miller v. Mateer,* 172 N. C., 401, 90 S. E., 435; *Ex parte Barefoot,* 201 N. C., 393, 160 S. E., 365.   See also *Barbee v. Barbee,* 108 N. C., 581, 13 S. E., 215; *Deaver v. Deaver,* 137 N. C., 240, 49 S. E., 113; *Faust v. Faust,* 144 N. C., 383, 57 S. E., 22.   See also 16 Am. Jur., 653, Deeds, sec. 378.

2. If the consideraton for the deed be the property of Eunice R. Randle, minor, Helen G. Randle, as the mother of the minor, had no authority to impress upon the property of the minor an express trust, as set forth in the deed, with authority in the trustee to mortgage and convey the same.   "A person who has no title or interest in property can create no trust therein." 25 C. J., 233.   *Byrne Realty Co. v. South Florida Farms Co.,* 81 Fla., 805, 89 So., 318.   *Sansom v. Cornelison,* 171 Ga., 764, 155 S. E., 764.   Compare *N. Y. University v. Loomis Laboratory,* 178 N. Y., 137, 70 N. E., 413.   In the Georgia case it is said: "The agreement between the mother of deceased father of plaintiff that the defendant and his wife should keep this money in trust for the plaintiff did not create a trust.   The mother thus agreeing with the defendant had no interest in the money.   She could not create a trust." But where a person *in loco parentis* purchases land with consideration furnished by a child, a resulting trust arises *pro tanto.* 65 C. J., 416— Trusts, sec. 177.   Compare *Wallace v. Wallace,* 210 N. C., 656, 188 S. E., 96.   Moreover, in Devlin on Real Estate, Third Ed., Vol. 2, sec. 1178, p. 2208, quoting from *Cotton v. Wood,* 25 Iowa, 43, 46, it is said: "It cannot be that the consent of the trustee to hold the title for the benefit of the *cestui que trust,* or an agreement so to do, in case of a resulting trust, will change its character.   By the agreement the trustee simply assents to an obligation imposed by the law; the trust

would exist without the agreement by operation of law. The agreement cannot destroy the effect of the conditions under which the law presumes the estate is held by the trustee."

For the same reason, W. B. Hodges and wife, who were selling the property, having no title or interest in the consideration paid except in so far as it related to the purchase price of the land, would have no authority to create a trust in respect thereto.

3. "A purchaser is charged with notice of the contents of each recorded instrument constituting a link in his chain of title and is put on notice of any fact or circumstance affecting his title which any such instrument would reasonably disclose." Headnote 7, *Turner v. Glenn,* 220 N. C., 620, 18 S. E. (2d), 197. See also *Christmas. v. Mitchell,* 38 N. C., 535; *Holmes v. Holmes,* 86 N. C., 205; and *Smith v. Fuller,* 152 N. C., 7, 67 S. E., 48, which are to the same effect. Applying this principle, the defendants deraigning title by *mesne* conveyances, including the deed from W. B. Hodges and wife to "Helen G. Randle, Trustee for Eunice R. Randle, minor," are charged with notice of the contents and recitals in that deed.

The judgment as of nonsuit is

Reversed.

Schenck, J., dissenting: This action is bottomed upon two allegations, namely, (1) that of the wrongful and unlawful conduct of Helen G. Randle, mother of the plaintiff, Eunice R. Randle, a minor, in assuming authority to manage and control the funds of the plaintiff in purchasing the property involved and in executing purchase price notes and deed of trust for the balance due thereon, and (2) that of the knowledge of the defendants of such wrongful and unlawful conduct of Helen G. Randle at the time the property involved was conveyed to them by those claiming title through the deed of trust executed by Helen G. Randle. The entire action alleged is grounded upon the theory of the wrongful and unlawful conduct of Helen G. Randle, known and participated in by the defendants, and since there is no evidence in the record to support either allegation, I am of the opinion that the judgment as in case of nonsuit was properly entered.